# EXHIBIT 3

**E-FILED**
**Gregory Hilton, Clerk,**
**Supreme Court of Maryland**
**7/8/2024 9:03 PM**

In the
Supreme Court of Maryland

SCM-REG-009-2024
September Term, 2024

ROMAN CATHOLIC ARCHBISHOP OF WASHINGTON, a corporation sole,
d/b/a ROMAN CATHOLIC ARCHDIOCESE OF WASHINGTON

*Petitioner*,

v.

JOHN DOE, RICHARD ROE, and MARK SMITH, individually and on behalf
of all others similarly situated,

*Respondents.*

On Bypass Review:
Circuit Court for Prince George's County
(Hon. Robin Gill Bright)

**BRIEF OF PETITIONER ROMAN CATHOLIC ARCHBISHOP OF
WASHINGTON, A CORPORATION SOLE**

Andrew Jay Graham (AIS 7307010005)
John A. Bourgeois (AIS 9312140080)
Steven M. Klepper (AIS 0112120030)
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, MD 21202-3201
agraham@kg-law.com
jbourgeois@kg-law.com
sklepper@kg-law.com

Kevin T. Baine (AIS 8506010010)
Richard S. Cleary, Jr. (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
kbaine@wc.com
rcleary@wc.com

*Counsel for Petitioner Roman
Catholic Archbishop of Washington,
a Corporation Sole*

# Table of Contents

Table of Authorities ............................................................ iv

Introduction ....................................................................1

Question Presented ..........................................................4

Statement of Facts ...........................................................4

I.      Putative Class Action Complaint ..............................................4

II.     The 2017 Law Culminated Decades of Debate About the Rights of
        Plaintiffs and Defendants in Abuse Cases. ...............................6

      1.      1994 to 2016: The Legislature Repeatedly Declines to
                Revive Time-Barred Claims. ..................................6

      2.      2017: The Legislature Strikes a Balance Between the
                Rights of Plaintiffs and Non-Perpetrator Defendants. .........9

      3.      2019-2021:  The Legislature Declines to Eliminate
                the Statute of Limitations and the Statute of Repose. ...... 15

      4.      2023:  In the CVA, the Legislature Purports to
                Retroactively Repeal the Statute of Limitations and
                the Statute of Repose, and Revive Claims Barred by
                Those Laws. ..................................................... 18

      5.      The Legislative Record Reflects the Archdiocese of
                Washington's Strong and Effective Policies to Prevent
                Abuse of Young People. ....................................... 22

III.    Procedural History .............................................. 23

Standard of Review.......................................................... 26

Argument........................................................................ 26

I.      The CVA's Attempt to Revive Claims Extinguished by the
        Statute of Repose is an Impermissible Abrogation of Vested
        Rights........................................................................ 26

      A.      CJ § 5-117(d) (West 2017) Is a Statute of Repose. ........................ 27

1.     The Legislature Explicitly Adopted a Statute of Repose. ........................................................... 29

2.     The Legislative Record Repeatedly Refers to, and Describes the Effect of, the Statute of Repose. ................. 35

3.     CJ § 5-117(d) (West 2017) Contains Features Associated With Other Statutes of Repose. ........................ 38

B.     The Statute of Repose Vested a Substantive Right in the Archdiocese to Be Free from Plaintiffs' Claims. ............................ 44

C.     The CVA's Abrogation of the Vested Rights Created by § 5-117(d) (West 2017) Is Unconstitutional. ........................................... 46

II.     The CVA's Attempt to Revive Claims Barred by the Statute of Limitations is Unconstitutional. .............................................. 49

A.     Plaintiffs' Claims Have Been Barred Under the Statute of Limitations Since No Later Than 2010 (Doe), 1979 (Roe), and 1974 (Smith). ................................................................ 49

B.     The Maryland Declaration of Rights and Maryland Constitution Preclude the Revival of Claims Barred by a Statute of Limitations. ........................................................... 51

III.     The Canon of Constitutional Avoidance Cannot Save Plaintiffs' Claims. .......................................................................................... 52

Conclusion ........................................................................................ 54

Certification of Word Count and Compliance with Rule 8-112 ...................... 55

Text of Relevant Constitutional Provisions ............................................. 56

Maryland Declaration of Rights, Article 24 ........................................ 56

Maryland Constitution, Article III, Section 40 .................................... 56

Certification of Service ...................................................................... 57

Appendix to Petitioner's Brief

Memorandum Opinion and Order, *Schappelle v. Roman Cath. Archdiocese of Washington*, No. C-15-CV-23-003696 (Montgomery Cty. Cir. Ct. Apr. 1, 2024) ............................................................. App.1

Order, *Schappelle v. Roman Cath. Archdiocese of Washington*,
No.
C-15-CV-23-003696 (Montgomery Cty. Cir. Ct. Apr. 1, 2024)........App.29

H.B. 642 (First Reading) (Md. 2017)................................................App.30

S.B. 505 (First Reading) (Md. 2017) ...............................................App.34

Table of Pet. Br. Internet Addresses ...............................................App.37

# Table of Authorities

## Cases

*Allstate Ins. Co. v. Kim*, 376 Md. 276 (2003) .............................................. 47, 48

*Anderson v. Cath. Bishop*, 759 F.3d 645 (7th Cir. 2014) ................................ 45

*Anderson v. United States*, 427 Md. 99 (2012) ........................................ passim

*Arrington v. Sun Life Assurance Co. of Can.*, No. TDC-18-0563,
   2019 WL 2571160 (D. Md. June 21, 2019) .................................................. 29

*Bacon v. Arey*, 203 Md. App. 606 (2012) ........................................................ 50

*Bernie v. Blue Cloud Abbey*, 821 N.W.2d 224 (S.D. 2012) .............................. 43

*Calaway ex rel. Calaway v. Schucker*, 193 S.W. 509 (Tenn. 2005),
   *as amended on reh'g in part* (Feb. 21, 2006) ............................................. 40

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497 (2017) ...... 39, 40, 48

*Carven v. Hickman*, 135 Md. App. 645 (2000),
   *aff'd*, 366 Md. 362 (2001) ................................................................ 34, 44, 45

*Clark v. State*, 364 Md. 611 (2001)................................................................... 6

*Crum v. Vincent*, 493 F.3d 988 (8th Cir. 2007) .............................................. 51

*Doe v. Archdiocese of Wash.*, 114 Md. App. 169 (1997) ................................. 50

*Doe v. Roe*, 419 Md. 687 (2011) ............................................................... passim

*Dua v. Comcast Cable of Md., Inc.*, 370 Md. 604 (2002) .......................... passim

*Duffy v. CBS Corp*, 232 Md. App. 602 (2017), *rev'd on other
   grounds*, 458 Md. 206 (2018) ......................................................... 45, 48, 49

*Elsberry v. Stanley Martin Companies, LLC*, 482 Md. 159 (2022) .......... 26, 30

*First United Methodist Church v. U.S. Gypsum Co.*,
   882 F.2d 862 (4th Cir. 1989)................................................................. 34, 45

*Hagerstown Elderly Assocs. L.P. v. Hagerstown Elderly Bldg.
   Assocs. L.P.*, 368 Md. 351 (2002) ....................................................... 35, 42

*Hayden v. Md. Dep't of Nat. Res.*, 242 Md. App. 505 (2019) ............................ 36

*Herd v. State*, 125 Md. App. 77 (1999) ................................................ 38

*Koshko v. Haining*, 398 Md. 404 (2007) ............................................. 53

*Langston v. Riffe*, 359 Md. 396 (2000) .............................................. 53

*Latty v. St. Joseph's Soc'y of Sacred Heart, Inc.* 198 Md. App. 254
    (2011), *abrogated on other grounds by Plank v. Cherneski*,
    469 Md. 548 (2020) .................................................................. 50

*M.E.H. v. L.H.*, 685 N.E.2d 335 (Ill. 1997) ................................. 43, 45

*Marsheck v. Bd. of Trs. of Fire & Police Emps. Ret. Sys. of Balt.*,
    358 Md. 393 (2000) ............................................................ 51, 52

*Mayor of Ocean City v. Comm'rs of Worcester Cnty.*,
    475 Md. 306 (2021) .................................................................. 26

*Mathews v. Cassidy Turley Md., Inc.*, 435 Md. 584 (2013) ............................. 43

*McIver v. Russell*, 264 F. Supp. 22 (D. Md. 1967) ......................................... 50

*Muskin v. State Dept. of Assessments & Taxation*,
    422 Md. 544 (2011) .................................................................. 47

*Peterson v. State*, 467 Md. 713 (2020) ...................................... 28, 29, 34

*Rice v. Univ. Md. Med. Sys. Corp.*, 186 Md. App. 551 (2009) ..................... 2, 51

*Roe v. Doe*, 193 Md. App. 558 (2010), *aff'd*, 419 Md. 687 (2011) ................... 29

*Rowe v. Md. Comm'n on Civ. Rts.*, 483 Md. 329 (2023) ................................. 35

*Scarborough v. Altstatt*, 228 Md. App. 560 (2016) .......................................... 50

*Schappelle v. Roman Cath. Archbishop*, No. C-15-CV-23-003696
    (App.1) ........................................................................... passim

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*,
    12 F.4th 337 (3d Cir. 2021) ........................................................ 45

*Smith v. Westinghouse Elec. Corp.*, 266 Md. 52 (1972) ................................. 46

v

*SVF Riva Annapolis LLC v. Gilroy*, 459 Md. 632 (2018)........................passim

*Taylor v. Mandel*, 402 Md. 109 (2007) ............................................... 34

*Warfield v. State*, 315 Md. 474 (1989)................................................ 38

*Wash. Suburban Sanitary Comm'n v. Pride Homes, Inc.*,
  291 Md. 537 (1981)...................................................................... 29

*Willowbrook Apartment Assocs., LLC v. Mayor of Balt.*,
  563 F. Supp. 3d 428 (D. Md. 2021)................................................ 46

**Maryland Constitutional Provisions and Statutes**

Md. Const., art. III, § 40 ..............................................................passim

Md. Decl. of Rts., art. 24 .............................................................passim

1973 Md. Laws Ch. 2 § 1 (S.B. 1) ...................................................... 50

2003 Md. Laws Ch. 360 (S.B. 68) ..................................................... 7, 8

2017 Md. Laws Ch. 12 (H.B. 642) .................................................passim

2017 Md. Laws Ch. 656 (S.B. 505) ...............................................passim

2023 Md. Laws Ch. 5 (S.B. 686) ...................................................passim

2023 Md. Laws Ch. 6 (H.B. 1) .....................................................passim

Md. Code Ann., Cts. & Jud. Proc. § 5-101 ..........................................6

Md. Code Ann., Cts. & Jud. Proc. § 5-108 ....................................passim

Md. Code Ann., Cts. & Jud. Proc. § 5-117 (West 2017) ...................passim

Md. Code Ann., Cts. & Jud. Proc. § 5-117 (West 2023) ...................passim

Md. Code Ann., Cts. & Jud. Proc. § 5-117 (West 2003) .................. 7, 9, 30

Md. Code Ann., Cts. & Jud. Proc. § 5-201 ..........................................6

Md. Code Ann., Cts. & Jud. Proc. § 5-303 (West 2023) ..................... 20

Md. Code Ann., Cts. & Jud. Proc. § 5-304 (West 2017) .................... 11

Md. Code Ann., Cts. & Jud. Proc. § 11-108 (West 2023) ................................ 20

Md. Code Ann., Cts. & Jud. Proc. § 12-303 (West 2023) ................................ 21

Md. Code Ann., State Gov't § 12-106 (West 2017) ......................................... 11

**Other Statutes**

2010 S.D. Sess. Laws ch. 141 § 1 (codified at S.D. Cod. Laws § 26-10-25) ..... 43

Ark. Code Ann. § 16-114-203 (2012) ................................................................ 44

Ill. Rev. Stat., 1990 Supp., ch. 110 (codified at 735 ILCS 5/13-202.2(b) (West 1992)) .................................................................................................... 43

N.C. Gen. Stat. § 1-15 (2012) ........................................................................... 44

**Bills and Legislative History Materials**

S.B. 68 (2003) (enacted as amended) .................................................................7

    First Reading, S.B. 68 .....................................................................................7

S.B. 238 (2009) (unenacted) ..............................................................................8

    Md. Chamber of Com., Legis. Position (Feb. 5, 2009) ...................................8

    Letter from Md. State Bar Ass'n (Feb. 5, 2009) ........................................ 8, 9

    Testimony of Senator Delores G. Kelley (Feb. 5, 2009) .................................9

S.B. 668 (2015) (unenacted) ..............................................................................8

    S. Jud. Proc. Comm. Hearing (Mar. 12, 2015) ...................................... 41, 42

H.B. 642 and S.B. 505 (2017) (enacted as amended) and H.B. 641 and S.B. 85 (unenacted)

    First Reading, H.B. 642 ........................................................................ 11, 12

    First Reading, S.B. 505 ................................................................................ 12

    S. Jud. Proc. Comm. Hearing (Feb. 14, 2017) ............................................ 12

    Md. Cath. Conf., Testimony, S.B. 505 & 585 (Feb. 14, 2017).............. 22, 23

Md. Cath. Conf., Testimony, H.B. 641 (Feb. 23, 2017) .............................. 22

Md. Cath. Conf., Testimony, H.B. 642 (Feb. 23, 2017) .............................. 22

Amendment, H.B. 642 ...................................................................... 12

Amendment, S.B. 505 ....................................................................... 12

Discussion of certain amendments, S.B. 505 ................................ 14, 15, 38

Fiscal and Policy Note, S.B. 505 .............................................. 13, 37

Floor Report, H.B. 642.................................................................passim

Floor Report, S.B. 505....................................................... 14, 37

H. Jud. Comm. Hearing (Mar. 15, 2017) ................................... 15

House Floor Statement, H.B. 642 (Mar. 16, 2017)........................ 14, 37, 38

Senate Floor Statement, H.B. 642 (Mar. 23, 2017).............................. 14, 37

H.B. 687 (2019) (unenacted)................................................................ 16

Third Reading, H.B. 687................................................................ 16

Letter from K. Rowe to Hon. K. Dumais (Mar. 16, 2019)................... 16, 39

H.B. 974 (2020) (unenacted)................................................................ 16

Md. Cath. Conf., Testimony, H.B. 974 (Feb. 20, 2020) ........................... 22

S.B. 134 (2021) (unenacted) ............................................................ 16

S. Jud. Proc. Comm. Hearing, S.B. 134 (Feb. 2, 2021) ...................... 16, 17

Letter from K. Rowe to Hon. W. Smith (June 23, 2021)..................... 17, 39

S.B. 686 and H.B. 1 (enacted as amended)

Letter from A.G. Brown to Hon. W. Smith (Feb. 22, 2023) ................. 21, 22

Md. Cath. Conf., Testimony, S.B. 686 (Feb. 23, 2023)............................ 21

H. Jud. Comm. Hearing, H.B. 1 (Mar. 2, 2023)............................... 21

Md. State Bar Ass'n, Testimony, H.B. 1 (Mar. 2, 2023) ............................. 21

viii

## Introduction

After more than 20 years of debate over the appropriate time limits for asserting claims of child sexual abuse, the Legislature in 2017 took action to resolve the issue once and for all—at least for defendants, like the Roman Catholic Archbishop of Washington ("the Archdiocese"), who were not themselves perpetrators of abuse.  For those defendants, the Legislature enacted what it called a "statute of repose," 2017 Md. Laws Ch. 12 § 3 (H.B. 642) (E.165); 2017 Md. Laws Ch. 656 § 3 (S.B. 505) (E.170), which provided that "in no event" shall an action for damages be brought "more than 20 years after the date on which the victim reaches the age of majority."  CJ § 5-117(d) (West 2017).  That provision was *in addition to* another measure that extended the statute of limitations for all claims of sexual abuse, whether filed against perpetrators or non-perpetrators.

The claims in this case are barred both by the three- or seven-year statutes of limitations in effect prior to 2017 and, more importantly, by the statute of repose enacted at that time.  They have been asserted under the provisions of the Child Victims Act ("CVA"), enacted in 2023, which purported to abolish, retroactively, both the statute of limitations *and* the statute of repose that had been enacted six years earlier for the benefit of non-perpetrator defendants.  As a general matter, of course, a legislature may repeal existing laws and substitute new ones.  But it may not do so in a manner that destroys

1

substantive rights that have vested under the terms of existing law. And that is what the application of the CVA would do in this case.

The very purpose of a statute of repose is to provide an "absolute bar to an action … after a designated time period," *SVF Riva Annapolis LLC v. Gilroy*, 459 Md. 632, 636 n.1 (2018) (alteration and citations omitted)—to create "a substantive right protecting a defendant from liability after a legislatively-determined period of time." *Anderson v. United States*, 427 Md. 99, 120 (2012). And in Maryland, vested rights are acquired even in the absence of a statute of repose, when a statute of limitations has expired. *See Doe v. Roe*, 419 Md. 687, 707 & n.18 (2011); *Rice v. Univ. Md. Med. Sys. Corp.*, 186 Md. App. 551, 563 (2009).

As demonstrated below, the Archdiocese acquired a vested right to be free of Plaintiffs' claims before the CVA took effect. Under the due process and takings clauses of the Maryland Declaration of Rights and Constitution, that vested right may not be destroyed.

## Statement of the Case

On October 1, 2023, the date the CVA took effect, Plaintiffs John Doe, Richard Roe, and Mark Smith filed a putative class action against the Archdiocese.[1] The Archdiocese moved to dismiss the Complaint on the ground

---

[1] Plaintiffs are proceeding under pseudonyms.

2

that the statutes of repose and limitations had run; the Archdiocese had acquired a vested right to be free from plaintiffs' claims *before the CVA took effect*; and application of the CVA to extinguish the Archdiocese's vested rights would violate Article 24 of the Maryland Declaration of Rights (the due process clause) and Article III, Section 40 of the Maryland Constitution (the takings clause). Plaintiffs argued that although the 2017 law stated explicitly that it was creating a "statute of repose," it was not creating a statute of repose at all, but only a statute of limitations, and that a statute of limitations does not give rise to vested rights.

The circuit court held oral argument and denied the Archdiocese's motion from the bench. The Archdiocese filed a timely interlocutory appeal under the CVA provision allowing for interlocutory appeals of orders denying motions to dismiss when such motions challenge the constitutionality of the CVA. While the appeal was pending, the Montgomery County Circuit Court granted an identical motion to dismiss a similar case, explaining in a thorough 27-page opinion that the CVA's purported revival of expired claims was unconstitutional. *Schappelle v. Roman Cath. Archbishop*, No. C-15-CV-23-003696 (App.28). There is now a split among Maryland circuit courts on the constitutionality of the statute's application to claims that had been barred at the time of its enactment.

The Archdiocese and Plaintiffs jointly petitioned for certiorari in this case. Pet. No. 59. This Court granted review and reformulated the question on May 28, 2024.

## Question Presented

Does the Maryland Child Victims Act of 2023, 2023 Md. Laws Ch. 5 (S.B. 686) (codified at Md. Code Ann., Cts. and Jud. Proc. § 5-117), constitute an impermissible abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution?

## Statement of Facts

## I.    Putative Class Action Complaint

The named plaintiffs allege abuse as far back as the 1960s. They purport to represent a class of plaintiffs who were sexually abused as minors by any employee, servant, or agent of the Archdiocese, or on Archdiocesan property, at any time during the Archdiocese's history—from 1939 to the present, a period of 85 years. The following statement of facts is based on the allegations of the Complaint, which the Archdiocese disputes.

***John Doe.*** Plaintiff Doe, born in 1985, alleges that he was sexually abused beginning in 5th grade by a deacon and a priest at St. Martin Catholic Church and Catholic School in Montgomery County. Compl. ¶¶ 127-48 (E.52-53). The Complaint alleges that the Archdiocese "knew or should have known

4

that [the deacon and priest] posed a danger to children before allowing them to minister in the Archdiocese and at St. Martin," *id.* ¶ 148 (E.54), but it states no facts to support that allegation. The Complaint does not allege that the deacon or the priest had a history of abuse, or that the Archdiocese was aware of any such history.

**Richard Roe.** Plaintiff Roe, born in the 1950s, alleges that he was sexually abused as a minor by an unidentified priest at St. Jerome Parish in Hyattsville. *See id.* ¶¶ 150-58 (E.54-55). Plaintiff alleges that the abuse occurred in the "mid-1960s" when he was "roughly between the ages of 9 and 12." *Id.* ¶ 152 (E.54). Again, the Complaint alleges in conclusory terms, with no supporting facts, that the Archdiocese "knew or should have known" that this unidentified priest "was a danger to children," and that the abuse "was foreseeable." *Id.* ¶¶ 157-58 (E.55).

**Mark Smith.** Plaintiff Smith, born in or about 1953, alleges that he was sexually abused in or about 1965, by Rev. Robert J. Petrella at St. Catherine Labouré in Wheaton. *See id.* ¶¶ 160-69 (E.55-57). Petrella was permanently removed from ministry in 1989 and formally laicized in 2003. *Id.* ¶¶ 172, 174 (E.57-58). Again, the Complaint contains only conclusory allegations of negligence against the Archdiocese. *Id.* ¶¶ 178-79 (E.58).

## II.    The 2017 Law Culminated Decades of Debate About the Rights of Plaintiffs and Defendants in Abuse Cases.

The 2017 law containing the statute of repose was not enacted in a vacuum.  To the contrary, it was intended to put to rest a long-simmering issue. Year after year, legislators had expressed a desire for greater judicial access for victims of child sexual abuse, while also acknowledging the unfairness and questionable legality of reviving time-barred claims.

Those discussions culminated in the specific balance struck in 2017— prospective expansion of the limitations period, a heightened standard for older claims against non-perpetrators, and an airtight guarantee that stale claims against non-perpetrators would not be revived.  Statements after 2017 confirm this balance and reflect recognition of the legal impediments to retroactively repealing the 2017 law.

### 1.    1994 to 2016: The Legislature Repeatedly Declines to Revive Time-Barred Claims.

#### a.    1994: The Legislature Refuses to Extend the Limitations Period.

The general limitations period for civil causes of action in Maryland is three years.  Md. Code Ann., Cts. & Jud. Proc. ("CJ") §§ 5-101, 5-201.[2]  The

---

[2] Under CJ § 5-201(a), "[w]hen a cause of action … accrues in favor of a minor … that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."  *Id.* There is no statute of limitations for prosecuting felony sexual abuse of a minor.  *See Clark v. State*, 364 Md. 611, 626 n.8 (2001).

6

Legislature "first considered in 1994 extending the generally-applicable three-year statute of limitations on civil claims by alleged child sexual abuse victims." *Doe v. Roe*, 419 Md. at 694. After an unfavorable report from the relevant Senate committee, the three-year general limitations period on such claims was not extended. *See id.* at 695.

> **b.    2003: The Legislature Expands the Limitations Period Prospectively, but Refuses to Revive Time-Barred Claims.**

The Legislature revisited the issue nine years later, in 2003. That year, the Legislature expanded the limitations period for claims arising from sexual abuse of a minor from three to seven years after the age of majority. 2003 Md. Laws Ch. 360 (S.B. 68) (E.201-02); CJ § 5-117 (West 2003) (E.204). The Legislature expressly stated, however, that the extended, seven-year limitations period "may not be construed to apply retroactively to revive any action that was barred" under the previously-applicable three-year statute of limitations. 2003 Md. Laws Ch. 360 § 2 (E.202).

The 2003 legislative record reflects concern about the lawfulness of reviving time-barred claims. An early, unenacted version of the 2003 bill purported to "apply to any action that would have been barred by the application of the period of limitation applicable before" the bill's effective date. S.B. 68, 417 Gen. Assemb., Reg. Sess., at 2 (Md. 2003) (First Reading) (E.207). That language was stricken, *see* 2003 Md. Laws Ch. 360 at 2:8-10 (E.202),

7

following the receipt of a letter from the Office of the Attorney General, drafted in response to questions from then-Senator Brian Frosh. *Doe v. Roe*, 419 Md. at 697-99. The letter expressed concerns about the constitutionality of reviving expired claims. *Id*. at 698. Accordingly, the bill was enacted with specific language barring the retroactive revival of claims previously barred by the statute of limitations. 2003 Md. Laws Ch. 360 § 2 (E.202).

> **c.     2005-2016: The Legislature Repeatedly Declines to Extend the Limitations Period or to Revive Expired Claims.**

After 2003, there were repeated legislative attempts to expand the limitations period for claims arising from sexual abuse of a minor—and even in some cases to revive time-barred claims. Bills were proposed in 2005 (H.B. 1376), 2006 (H.B. 1147, H.B. 1148), 2007 (S.B. 575), 2008 (H.B. 858), 2009 (H.B. 556, S.B. 238), 2015 (H.B. 725, H.B. 1214, S.B. 668), and 2016 (H.B. 1215, S.B. 69). None was enacted. Bills drew concern about the difficulty of defending against stale claims and the lawfulness of reviving expired claims. *See, e.g.*, Md. Chamber of Com., Legis. Position: Letter on S.B. 238 to S. Jud. Proc. Comm. (Feb. 5, 2009) (E.209); Letter from Md. State Bar Ass'n to S. Jud.

Proc. Comm. (Feb. 5, 2009) (E.211); Testimony of Senator Delores G. Kelley to

S. Jud. Proc. Comm. (Feb. 5, 2009) (E.213-16).

> **2.    2017: The Legislature Strikes a Balance Between the Rights of Plaintiffs and Non-Perpetrator Defendants.**
>
> **a.    The 2017 Law Explicitly Stated that it Contained a Statute of Repose; that it Only Extended the Limitations Period Prospectively; and that it Did Not Revive Time-Barred Claims.**

In 2017, the Legislature returned to the issue.  This time, it enacted a

law with two main purposes: "altering the statute of limitations" and

"*establishing a statute of repose*."  2017 Md. Laws Ch. 12 (statement of purpose)

(emphasis added) (E.162); 2017 Md. Laws Ch. 656 (same) (emphasis added)

(E.167).

Section 1 of the session law altered the statute of limitations.

Specifically, that section modified CJ § 5-117(b) (West 2003) (E.204), to

authorize minors to bring suit at the time of injury, and to extend the statute

of limitations for non-barred claims until the later of 20 years after the victim

reaches majority *or* three years after the defendant is convicted of certain

sexual abuse crimes, 2017 Md. Laws Ch. 12 § 1 (E.162-63); 2017 Md. Laws Ch.

656 § 1 (E.167-68); CJ § 5-117(b)(1)-(2) (West 2017) (E.172).  As amended,

therefore, CJ § 5-117(b) extended the limitations period from seven years after

the age of majority to 20 years after the age of majority—or longer, in the case

9

of a criminal conviction.  The altered CJ § 5-117(b) applied to claims against all defendants—perpetrators and non-perpetrators alike.

Separately, § 1 of the session law established a statute of repose for actions against non-perpetrator defendants like the Archdiocese—by creating a wholly new subsection of the code, CJ § 5-117(d):

> In no event may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

2017 Md. Laws Ch. 12 § 1 (E.164); 2017 Md. Laws Ch. 656 § 1 (E.169); CJ § 5-117(d) (West 2017) (E.173).

Section 2 of the 2017 session law provided that the expanded statute of limitations in § 5-117(b) "may not be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before" the law's effective date.  2017 Md. Laws Ch. 12 § 2 (E.165); 2017 Md. Laws Ch. 656 § 2 (E.170).  This language mirrored the text of the 2003 session law, *see supra* 7, and had the same effect: the expanded limitations period would apply only to those claims as to which the limitations period had not yet run.

Section 3 provided that "*the statute of repose* under § 5-117(d) … shall be construed to apply both prospectively and retroactively to provide repose to

10

defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017," the law's effective date. 2017 Md. Laws Ch. 12 § 3 (E.165) (emphasis added); 2017 Md. Laws Ch. 656 § 3 (E.170) (same).

In addition, for claims filed against "a person or governmental entity that is not the alleged perpetrator of the sexual abuse" that are filed more than seven years after the victim reaches the age of majority, the 2017 law required a showing of "gross negligence" (not simple negligence) to support liability. 2017 Md. Laws Ch. 12 § 1 (E.164); 2017 Md. Laws Ch. 656 § 1 (E.169); CJ § 5-117(c) (West 2017) (E.173).[3]

### b. The Legislative Record Confirms that the 2017 Law Contained a Statute of Repose and Did Not Revive Time-Barred Claims.

The legislative record, like the text of the statute, recognizes the twin purposes of the 2017 law: "*altering* the statute of *limitations*" and "*establishing* a statute of *repose*." As initially proposed, the bills only altered the statute of limitations and heightened the standard for claims against non-perpetrator defendants; they did not establish a statute of repose. *See* H.B. 642, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (App.30-33); S.B. 505, 437th Gen. Assemb.,

---

[3] The law also removed certain impediments to suing state and county governments. 2017 Md. Laws Ch. 12 § 1 (E.164); 2017 Md. Laws Ch. 656 § 1 (E.169); CJ § 5-304(a)(2) (West 2017); Md. Code Ann., State Gov't § 12-106(a)(2) (West 2017).

Reg. Sess. (Md. 2017) (App.34-36).[4]  In a Senate committee hearing, two members raised concerns about defendants' ability to confront stale civil claims in light of general record-retention practices and difficulties in locating witnesses.  *See* S. Jud. Proc. Comm. Hr'g, at 1:01:55-1:05:55 (Feb. 14, 2017) (Statements of Senators Casilly and Norman).[5]

Thereafter, bills on the House and Senate side were each amended to "establish[ ] a statute of repose."  Amendment 252810/1 to H.B. 642, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (E.223, E.324); Amendment 458675/1 to S.B. 505, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (E.226, E.320).  Those amendments introduced the text of CJ § 5-117(d) (West 2017), the definition of "alleged non-perpetrator," §§ 2 and 3 of the session law, and the gross-negligence liability standard for non-perpetrator defendants in CJ § 5-117(c) (West 2017).  *See id.*

Key legislative documents discussed these amendments.  The Department of Legislative Services' Fiscal and Policy Note stated that the 2017

---

[4] Two other bills (H.B. 641, S.B. 585) proposing alterations to the statute of limitations governing actions arising out of alleged sexual abuse of a minor were proposed that legislative session. H.B. 641, which proposed the revival of expired claims, received an unfavorable report in the House Judiciary Committee, *see* https://tinyurl.com/ydpyfyyy. S.B. 585, which was identical to S.B. 505 as originally proposed, was withdrawn by its sponsor, *see* https://tinyurl.com/62vdmd82.

[5] *Available at* https://tinyurl.com/mr3myapy.

law both "(1) expands the statute of limitations for an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor" and "(2) establishes a statute of repose for specified civil actions relating to child sexual abuse."  Dept. of Legis. Servs., Md. Gen. Assemb., Fiscal and Policy Note, Third Reader—Revised:  S.B. 505, at 1 (Md. 2017) ("Fiscal and Policy Note") (E.240).

The Fiscal and Policy Note's Bill Summary reviewed the alterations to the statute of limitations, before turning to the statute of repose.  The Fiscal and Policy Note paraphrased the text of CJ § 5-117(d) (West 2017) and labeled that provision a "statute of repose":

> The bill establishes a "statute of repose" prohibiting a person from filing an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

Fiscal and Policy Note at 2 (E.241).

Committee reports concerning the House and Senate bills also stated that the 2017 law both altered the preexisting statute of limitations and established a statute of repose.  *See* S. Jud. Proc. Comm., Floor Report: H.B. 642, 437 Gen. Assemb., Reg. Sess., at 2 (Md. 2017) (Summary of Bill) ("*The statute of repose* created by the bill *must be construed to* apply both prospectively and retroactively to *provide repose* to defendants regarding

actions that were barred by the application of the period of limitations applicable before October 1, 2017." (emphasis added)) (E.231); S. Jud. Proc. Comm., Floor Report: S.B. 505, 437 Gen. Assemb., Reg. Sess., at 2 (Md. 2017) (Summary of Bill) (same) (E.236).

On the floor, the House was told that the bill "prohibits the filing of an action against [non-perpetrator defendants] more than 20 years after the victim reaches the age of majority." H. Floor Actions, H.B. 642, 437th Gen. Assemb., Reg. Sess., 57:40-58:24 (Mar. 16, 2017).[6] The Senate was told that the bill "expands [the] statute of limitations" and *"also creates a statute of repose* for specified civil actions relating to child sex abuse," S. Floor, H.B. 642, 437th Gen. Assemb., Reg. Sess., at 2:16:32-2:17:48 (Mar. 23, 2017) (emphasis added).[7]

The legislative record also contained an unsigned, undated document summarizing the difference between a statute of limitations and a statute of repose, and the effect of the latter. *See* Discussion of certain amendments in SB0505/818470/1, at 1 (E.248). "Although it appears that under the Maryland Constitution, the legislature could not revive a claim that is past the applicable statute of limitations," the amended bill "confirms that the statute of repose

---

[6] *Available at* https://tinyurl.com/mr3hah7v.

[7] *Available at* https://tinyurl.com/3h44rra8.

applies retroactively to *provide vested rights* to defendants." *Id.* (emphasis added). "[C]laims precluded by the statute of repose *cannot be revived* in the future." *Id.* (emphasis added).

The Maryland Catholic Conference supported the 2017 bill, including the prospective extension of the limitations period from seven to 20 years. *See* H. Jud. Comm. Hearing, 437 Gen. Assemb., Sess. 1, at 37:28-38:28 (Mar. 15, 2017).[8] The lead House sponsor conveyed his intent for the bill to provide finality: "[A]s part of this agreement in working with the Church, I've given my word that once this bill becomes law, that I won't come back to the well, I won't petition for anything, I won't try and quote-unquote improve the bill, and I will take it as it is. That's exactly what I plan on doing …. I'm just very grateful that the Church … did step up." *Id.* at 36:46-37:02.

### 3.    2019-2021:   The Legislature Declines to Eliminate the Statute of Limitations and the Statute of Repose.

#### a.    2019: The Legislature Refuses to Revoke the Statute of Repose After the Office of Attorney General Questions the Constitutionality of Retroactive Repeal.

Notwithstanding his assurance in 2017, the lead House sponsor of the 2017 law in 2019 sponsored a new bill that would eliminate the statute of limitations altogether and provide a two-year window within which previously

---

[8] *Available at* https://tinyurl.com/4rn2mh32.

time-barred claims could be brought.  H.B. 687, 427th Gen. Assemb., Reg. Sess., §§ 1-2 (Md. 2019) (Third Reading) (E.251-53).  In response to a request from a member to provide an opinion on the bill's constitutionality, the Office of Attorney General issued a letter opining that the 2017 law "must be read" to include a statute of repose, and that repealing the statute of repose "*would most likely be found unconstitutional* as interfering with vested rights as applied to cases that were covered by" CJ § 5-117(d) and § 3 of the 2017 law. Letter from Kathryn M. Rowe, Assistant Att'y Gen., to Honorable Kathleen M. Dumais, Md. State Delegate, at 1-2 (Mar. 16, 2019) (emphasis added) ("Mar. 16, 2019 Rowe Letter") (E.255-56).  The proposed bill was not enacted.

    **b.**    **2020-2021: The Legislature Again Refuses to Revoke the Statute of Repose After the Office of Attorney General Again Questions the Constitutionality of a Repeal.**

Bills to revive claims barred by the 2017 law were proposed again in 2020 (H.B. 974) and 2021 (H.B. 263, S.B. 134).  That prompted legislators and witnesses to debate the meaning and effect of the 2017 law.  According to Senator Hough, "the idea [of the 2017 law] was [that] this was going to be a well-crafted compromise that was going to be the end of this issue, because it's been around here for 20 years."  S. Jud. Proc. Comm. Hearing, S.B. 134, 443rd Gen. Assemb., Special Sess., at 2:21:54-2:22:01 (Feb. 2, 2021).[9]  "It was clear to

---

[9] *Available at* https://tinyurl.com/pcst853x.

16

all of us that the statute of repose added finality to this, that they would not come back …. [W]ith a statute of repose, it's a vested right." *Id.* at 2:28:48-2:29:17; *see also id*. at 2:28:00-06 (similar). As Senator Casilly put it, "I was there. I knew there was a statute of repose. I assumed everybody else did …. I couldn't imagine it being more obvious because I read the bill." *Id*. at 3:43:00-3:43:15.[10]

In response to a question from Senator William C. Smith, Jr., the Office of Attorney General again addressed the constitutionality of repealing the statute of repose to allow time-barred claims to be brought in a two-year "window." Assistant Attorney General Rowe reiterated that "it seems clear that there is a statute of repose" in CJ § 5-117(d) (West 2017). Letter from Kathryn M. Rowe, Assistant Att'y Gen., to Honorable William C. Smith, Jr., Md. State Senator, at 2 (June 23, 2021) ("June 23, 2021 Rowe Letter") (E.259). As a result, the Attorney General's Office concluded, it is "unlikely that a court would find … that a change in the law creating a new two year period during which a person would be once again liable to be sued did not violate the vested right created by the passage of the statute of repose." *Id*. at 3 (E.260). In other words, it was likely that a court would find the proposed legislation modifying

---

[10] *Available at* https://tinyurl.com/pcst853x.

the statute of repose to be an unconstitutional abrogation of a vested right. Again, none of the proposed bills was enacted.

**4.    2023: In the CVA, the Legislature Purports to Retroactively Repeal the Statute of Limitations and the Statute of Repose, and to Revive Claims Barred by Those Laws.**

In 2023, however, the Legislature passed, and the Governor signed into law, a bill purporting to abolish the statute of limitations and the statute of repose enacted in 2017.

**a.    The Text Retroactively Repeals the Statute of Limitations and Statute of Repose.**

The Child Victims Act purports to "repeal[ ] the statute of limitations" and "statute of repose" for civil actions "relating to child sexual abuse."  2023 Md. Laws Ch. 5 (S.B. 686) (E.175); 2023 Md. Laws Ch. 6 (H.B. 1) (E.187).  The CVA modifies CJ § 5-117(b) (West 2017) (E.172) to eliminate the limitations period altogether for "an action for damages arising out of an alleged incident … of sexual abuse that occurred while the victim was a minor."  2023 Md. Laws Ch. 5 § 1 (E.175-76); 2023 Md. Laws Ch. 6 § 1 (E.187-88); CJ § 5-117(b) (West 2023) (E.198).    Instead, it provides that such actions, "*notwithstanding* any time limitation[s] under a statute of limitations [or] a statute of repose … may be filed at any time," unless the "alleged victim of abuse is deceased at the commencement of the action."  2023 Md. Laws Ch. 5 § 1 (E.176-77) (emphasis added); 2023 Md. Laws Ch. 6 § 1 (E.188-89) (same);

18

CJ § 5-117(b), (d) (West 2023) (E.198-99). The CVA strikes CJ § 5-117(d) (West 2017)—the statute of repose—from the code. 2023 Md. Laws Ch. 5 § 1 (E.177); 2023 Md. Laws Ch. 6 § 1 (E.189).

The CVA also explicitly repeals §§ 2 and 3 of the 2017 session law. 2023 Md. Laws Ch. 5 § 1 (E.184); 2023 Md. Laws Ch. 6 § 1 (E.195-96). Those provisions of the 2017 law (respectively) disclaimed the revival of time-barred claims and provided that "the statute of repose under § 5-117(d) … shall be construed to apply both prospectively and retroactively to provide repose … regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017." 2017 Md. Laws Ch. 12 §§ 2-3 (E.165); 2017 Md. Laws Ch. 656 §§ 2-3 (E.170).

Section 2 of the CVA provides that "it is the intent of the General Assembly that any claim of sexual abuse that occurred while the victim was a minor may be filed at any time without regard to previous time limitations that would have barred the claim." 2023 Md. Laws Ch. 5 § 2 (E.184); 2023 Md. Laws Ch. 6 § 2 (E.196). Section 3 states that "this Act shall be construed to apply retroactively to revive any action that was barred by the application of

the period of limitations applicable before October 1, 2023." 2023 Md. Laws Ch. 5 § 3 (E.184); 2023 Md. Laws Ch. 6 § 3 (E.196).[11]

Recognizing that a court might well invalidate the CVA's revival of expired claims, the General Assembly included a specific provision that "if any provision of this Act or the application thereof … is held invalid, … the invalidity does not affect other provisions or any other application of this Act that can be given effect without the invalid provision or application, and for this purpose the provisions of th[e] Act are declared severable." 2023 Md. Laws Ch. 5 § 4 (E.184); 2023 Md. Laws Ch. 6 § 4 (E.196). The Legislature also provided for an interlocutory appeal from any order denying a motion to

---

[11] The CVA also eliminates the required finding of "gross negligence" under CJ § 5-117(c) (West 2017) (E.173) for claims filed more than seven years after the victim reaches the age of majority against "a person or governmental entity that is not the alleged perpetrator" of the sexual abuse. 2023 Md. Laws Ch. 5 § 1 (E.177); 2023 Md. Laws Ch. 6 § 1 (E.189). Under the CVA, a finding of simple negligence supports a judgment against non-perpetrator defendants, however long after the alleged abuse the action is filed.

Finally, the CVA raises the stakes for non-governmental defendants by increasing the cap on non-economic damages. Under the generally applicable schedule, a claim that accrues today is capped at $935,000 in non-economic damages. CJ § 11-108(b) (West 2023). But the CVA creates a special rule for claims against non-governmental defendants "that would have been barred by a time limitation before October 1, 2023." CJ § 5-117(c) (West 2023) (E.199). For those stale claims, the cap is $1,500,000. *Id.*

The CVA also increases the damages cap for claims of sexual abuse made against the state, local governments, and county boards of education to $890,000. 2023 Md. Laws Ch. 5 § 1 (E.177-79, E.182); 2023 Md. Laws Ch. 6 § 1 (E.189-91, E.194); CJ § 5-303(a)(4) (West 2023). But those entities' exposure is still less than other defendants' under both the ordinary schedule and the CVA's increased cap for previously barred claims.

dismiss that is "based on a defense that the applicable statute of limitations or statute of repose bars the claim and any legislative action reviving the claim is unconstitutional."  2023 Md. Laws Ch. 5 § 1 (E.181-82); 2023 Md. Laws Ch. 6 § 1 (E.193-94); CJ § 12-303(3)(xii) (West 2023).

### b.    The 2023 Legislative Record Reflects Doubts About the CVA's Constitutionality.

As in the past, *see supra* 7-9, 16-18, the legislative record in 2023 reflects doubts about the constitutionality of reviving claims that had previously expired—indeed, for which non-perpetrators had been explicitly granted "repose."[12]  A prominent proponent acknowledged that "there are still some real concerns about the constitutionality of reviving claims, and certainly any ethical attorney would advise a client of these risks."[13]  In a letter to the General Assembly, Attorney General Brown opined that the bill was "not clearly unconstitutional."  Letter from Anthony G. Brown, Md. Att'y Gen., to

---

[12] *See, e.g.,* Hearing on H.B. 1, H. Jud. Comm., 443rd Gen. Assemb., Reg. Sess., at 3:13:59-3:14:15 (Mar. 2, 2023) (statement of Cary Silverman) (hereinafter "H. Jud. CVA Hr'g") ("[I]t would be unconstitutional to revive time-barred claims."), *available at* https://tinyurl.com/53zvy5nk; Md. Cath. Conf., Testimony to S. Jud. Proc. Comm. Re: S.B. 686, at 3 (Feb. 23, 2023) (E.309) ("[L]egislation seeking to retroactively revive claims currently time-barred in Maryland is unconstitutional[.]"); *cf.* Md. State Bar Ass'n, Testimony to H. Jud. Comm. Re: H.B. 1, at 2 (Mar. 2, 2023) (E.313) ("The proposed bill raises constitutional issues, particularly regarding the ability to revive civil claims after the statute of limitations has already ended.").

[13] *See* H. Jud. CVA Hr'g, at 2:24:33-2:24:46 (statement of Lisae C. Jordan), *available at* https://tinyurl.com/53zvy5nk.

Honorable William C. Smith, Jr., Chair of Jud. Proc. Comm. at 3 (Feb. 22, 2023) (E.266).  He nevertheless acknowledged that, if the Legislature intentionally enacted a statute of repose, "we would have to conclude that the General Assembly intended to immunize from liability" certain defendants.  *Id*. at 2 (E.265).

> **5.    The Legislative Record Reflects the Archdiocese of Washington's Strong and Effective Policies to Prevent Abuse of Young People.**

The legislative and public record in 2017 and in other years reflects the strong policies that have been adopted by Catholic institutions in Maryland to prevent the abuse of young people.[14]  The Archdiocese has had a zero-tolerance

---

[14] *See, e.g.*, Md. Cath. Conf., Testimony to the S. Jud. Proc. Comm. Re: S.B. 505 & 585, at 2-4 (Feb. 14, 2017) (E.269-71); Md. Cath. Conf., Testimony to H. Jud. Comm. Re: H.B. 642, at 2-4 (Feb. 23, 2017) (E.274-76); Md. Cath. Conf., Testimony Opposing H.B. 641, at 3, 6-7 (Feb. 23, 2017) (E.280, 283-84); Md. Cath. Conf., Testimony Opposing H.B. 974, at 3-4 (Feb. 20, 2020) (E.288-89).

policy with respect to sexual abuse of minors for decades.  *See, e.g.*, Md. Catholic Conf. Testimony Re: S.B. 505 & 585, at 3-4 (E.270-71).[15]

## III.  Procedural History

The day the CVA took effect, Plaintiffs sued the Archdiocese of Washington.  The Archdiocese moved to dismiss, and the circuit court denied the Archdiocese's motion from the bench.  (E.146).

The court opened its ruling by acknowledging that "it is likely that this case [will] ultimately be determined by the Supreme Court of Maryland." (E.140).  The court stated that, in statutory interpretation, "when the language of the statute is clear and unambiguous, the court goes no further," and that "the allegations are that the [A]rchdiocese is not the perpetrator." (E.143).  The

---

[15] The Archdiocesan website, cited in the Complaint and in the 2020 legislative record (E.34, E.36, E.289), discusses child protection efforts at length.  An Advisory Board advises the Archdiocese on its Child Protection Policy, and this Board includes experts in law enforcement, the investigation of sexual abuse allegations, and the counseling of victims.  (E.292-93).  The Archdiocese has dedicated staff that oversee its compliance program, with assistance from more than 200 child protection coordinators in parishes, schools and other locations.  *See* (E.299, E.304-05).  All clergy, and all employees and volunteers who have contact with children, are required to undergo criminal background checks and to participate in prevention and safe environment training workshops.  *See supra* n.14; *see also* (E.296-300).  In addition, all 25,000 students in the Archdiocese's schools and religious education programs are required to receive annual safe environment and protection training.  (E.298).  Since 2003, the Archdiocese has spent an average of $350,000 annually on its child protection efforts, not including what it spends on therapy and other assistance to victims, regardless of whether the alleged abuse is substantiated or a legal claim against the Archdiocese can be established.  (E.292-94, E.299 (collecting annual reports)).

court also recognized that a "statute of repose does … create that substantive right so that you no longer have to worry about any liability." (E.145). Nevertheless, the circuit court held that CJ § 5-117(d) (West 2017) was a statute of limitations, and not a statute of repose, because "based on the legislative history[,] there is nothing … that would say that the General Assembly attempted or chose to make these changes to protect *sexual abusers*." (E.145-46) (emphasis added).

Curiously, although the circuit court acknowledged that "when the language of the statute is clear and unambiguous, the court goes no further," it failed to note that the 2017 law explicitly referred to CJ § 5-117(d) as a "statute of repose." (E.140-46). And although it noted an absence of legislative intent "to protect sexual abusers," that observation was irrelevant to the meaning of CJ § 5-117(d), which expressly applied only to defendants who were "not the alleged perpetrator[s]" of abuse. (E.173). The circuit court closed its remarks with the comment that "the statute is clear[ly] and unambiguous[ly]" a statute of limitations, again overlooking the multiple explicit references to the creation of a "statute of repose." (E.146). The court then denied the Archdiocese's motion to dismiss, without addressing the question whether (as the Archdiocese had argued) statutes of limitations also give rise to irrevocable vested rights. (E.146).

24

Roughly one month later, the Montgomery County Circuit Court granted the Archdiocese's motion to dismiss in a similar case. *Schappelle v. Roman Cath. Archbishop*, No. C-15-CV-23-003696 (App.29). In contrast to the ruling in *Doe*, the *Schappelle* opinion featured extensive analysis of the text of the 2017 law, the legislative record, and the relevant case law.

In its 27-page opinion, the *Schappelle* court held that "the CVA retroactively abrogated the substantive and vested rights" of the Archdiocese, and that "this abrogation violates the Maryland Constitution." (App.5). Section 5-117(d) (West 2017), the court held, was clearly a statute of repose. As the court summarized, "the whole statutory text of the law, including the purpose paragraph and the uncodified sections, clearly indicate that the law is a statute of repose." (App.12-13). To hold otherwise, the court recognized, would require the "wholesale deletion" of statutory text—which is not a "reasonably possible interpretation of the language." (App.13). The legislative record likewise "demonstrate[d] to the Court that the Legislature knew the difference between" a statute of limitations and a statute of repose "and purposely chose to adopt … a statute of repose." (App.14).

Under CJ § 5-117(d) (West 2017), the *Schappelle* court continued, "once a defendant has survived the legislatively determined time period, the substantive right granted by the statute of repose vests, and the Legislature can no longer abrogate that vested right." (App.20). In the alternative, the

25

court held that, even were CJ § 5-117(d) (West 2017) a statute of limitations, "reviving a claim that had already expired by the then applicable statute of limitations would interfere with the defendant's substantive rights" in contravention of the Maryland Constitution. (App.23, App.26). Accordingly, the *Schappelle* court granted the Archdiocese's motion to dismiss Plaintiff's expired claims. (App.29).

## Standard of Review

Review is *de novo*. *Elsberry v. Stanley Martin Companies, LLC*, 482 Md. 159, 178 (2022); *Mayor of Ocean City v. Comm'rs of Worcester Cnty.*, 475 Md. 306, 311 (2021).

## Argument

### I. The CVA's Attempt to Revive Claims Extinguished by the Statute of Repose is an Impermissible Abrogation of Vested Rights.

The CVA's attempt to revive claims extinguished by CJ § 5-117(d) (West 2017) is unconstitutional. That provision of the 2017 law is a statute of repose, and, like other statutes of repose, it "create[s] a substantive right protecting a defendant from liability after a legislatively-determined period of time." *Anderson*, 427 Md. at 120. Here, that right vested upon the expiration of the repose period as to each Plaintiff—before the CVA took effect. Under well-established Maryland law, the vested right to be free from liability, once conferred, may not be withdrawn. That is because "the Constitution of Maryland prohibits legislation which retroactively abrogates vested rights."

26

*Dua v. Comcast Cable of Md., Inc.*, 370 Md. 604, 623 (2002) (rooting this principle in Article 24 of the Maryland Declaration of Rights, and Article III, Section 40 of the Maryland Constitution).[16]

### A.    CJ § 5-117(d) (West 2017) Is a Statute of Repose.

A statute of repose is fundamentally different from a statute of limitations.  A statute of repose provides "*an absolute bar* to an action or a grant of immunity to a class of potential defendants after a designated time period," whereas a statute of limitations is a "procedural device that operates as a defense to limit the remedy available from an existing cause of action." *Gilroy*, 459 Md. at 636 n.1 (alteration and citations omitted) (emphasis added). "Statutes of limitations are motivated by 'considerations of fairness' and are 'intended to encourage prompt resolution of disputes' by providing a means of disposing of stale claims.  Statutes of repose are motivated by 'considerations of the economic best interests of the public as a whole and are substantive

_____

[16] Article 24 of the Maryland Declaration of Rights is "often referred to as the Maryland Constitution's due process clause."  *Dua*, 370 Md. at 628. Article III, § 40 of the Maryland Constitution "prohibits the taking of private property 'without just compensation.'"  *Id.* at 628-29 (citation omitted).  Some older cases "simply take the position that retrospective statutes impairing vested rights violate the Maryland Constitution, without citing a specific constitutional provision and without using descriptive language indicating which constitutional provision or provisions are involved."  *Id.* at 629 (collecting cases).

grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants.'" *Id.* (alteration and citations omitted).

Nevertheless, this Court has recognized that "there are overlapping features of statutes of limitations and statutes of repose, and definitions aplenty from which to choose." *Anderson*, 427 Md. at 123. "There is, apparently, no hard and fast rule to use as a guide." *Id.* For this reason, "*the plain language of the statute controls*" when determining whether a statute is one of limitations or repose. *Id.* at 123-25 (emphasis added). "When the statutory language is clear," the Court "need not look beyond the statutory language to determine the General Assembly's intent." *Peterson v. State*, 467 Md. 713, 727-28 (2020) (citation omitted). "In addition, [the Court] neither add[s] or nor delete[s] words to a clear and unambiguous statute to give it a meaning not reflected by the words that the General Assembly used[.]" *Id.* (citation omitted).

Under these principles, CJ § 5-117(d) (West 2017) is unquestionably a statute of repose. As the circuit court held in *Schappelle*, "the whole statutory text of the law, including the purpose paragraph and the uncodified sections, clearly indicate that the law is a statute of repose." (App.12-13). The 2017 law consistently distinguishes between the statutes of limitations in CJ § 5-117(b) and the statute of repose in CJ § 5-117(d), demonstrating that the Legislature

understood the difference between the two and intentionally chose to enact a statute of repose for non-perpetrator defendants.[17]

Although this Court's inquiry can and should end with the plain and unambiguous text of the 2017 law, the legislative record and features of other statutes of repose confirm that the Legislature "meant what it said and said what it meant" when declaring CJ § 5-117(d) to be a "statute of repose." *Peterson*, 467 Md. at 730 (citation omitted).

### 1.    The Legislature Explicitly Adopted a Statute of Repose.

In the 2017 law, the General Assembly implemented twin purposes: expanding judicial access to victims of sexual abuse while, at the same time, furnishing non-perpetrator defendants with immunity from ancient claims. The Legislature did this by expanding the preexisting statute of limitations with prospective effect as to *all* defendants, and erecting a statute of repose— "an absolute bar"—as to *non-perpetrator* defendants, like the Archdiocese. *Anderson*, 427 Md. at 118.

---

[17] The relevant language here is the language of the session law enacted by the Legislature, whether or not that language is subsequently codified. The session laws themselves "are the law." *Wash. Suburban Sanitary Comm'n v. Pride Homes, Inc.*, 291 Md. 537, 544 n.4 (1981); *see also, e.g.*, *Roe v. Doe*, 193 Md. App. 558, 565 (2010), *aff'd*, 419 Md. 687 (2011); *Arrington v. Sun Life Assurance Co. of Can.*, No. TDC-18-0563, 2019 WL 2571160, at *5 (D. Md. June 21, 2019).

At the start, in the statement of purpose, the 2017 law communicates the General Assembly's intent to (1) "alter[ ] the statute of limitations in certain civil actions relating to child sexual abuse" and (2) "establish[ ] a statute of repose for certain civil actions relating to child sexual abuse." 2017 Md. Laws Ch. 12 (E.162); 2017 Md. Laws Ch. 656 (E.167). The statement of purpose is "part of the statutory text," *Elsberry*, 482 Md. at 187, and is thus "control[ling]," *Anderson*, 427 Md. at 125. The purpose paragraph "describes in constitutionally acceptable detail what the bill does." *Elsberry*, 482 Md. at 187 (citation omitted). The use of distinct terms to describe two different provisions of the law evinces the General Assembly's understanding that statutes of limitations and statutes of repose are, themselves, distinct legislative creatures.

Next, in § 1, the statute implements these twin purposes. Section 1 modifies a specific, pre-existing provision in CJ § 5-117(b) (West 2003) (E.204)—*i.e.*, it alters the statute of limitations—and creates a wholly new provision in CJ § 5-117(d) (West 2017)—*i.e.*, it establishes a statute of repose.

Section 1 *altered* the preexisting *statute of limitations* in CJ § 5-117(b) (West 2003) in three ways. In the 2003 version of CJ § 5-117(b), (1) there was no express authorization for a minor to bring suit; (2) the limitations period extended only seven years after the age of majority; and (3) there was no express tolling in cases of conviction. The 2017 version of the provision

30

changed all that. In CJ § 5-117(b) (West 2017), the General Assembly expressly authorized suit immediately upon injury; extended the seven-year period to 20 years after the age of majority; and provided for express tolling in case of conviction.

Separately, § 1 *established* a *statute of repose* to be codified in CJ § 5-117(d). That provision applied only to non-perpetrator defendants, and imposed an absolute bar on certain actions against such defendants after a specific period of time:

> **In no event** may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

2017 Md. Laws Ch. 12 § 1 (E.164) (emphasis added); 2017 Md. Laws Ch. 656 § 1 (E.169) (same); CJ § 5-117(d) (West 2017) (same). Importantly, the General Assembly made the revised statute of limitations in CJ § 5-117(b) expressly "subject to" CJ § 5-117(d), which meant that the statute of repose would extinguish any claims against non-perpetrators that would otherwise be subject to tolling under CJ § 5-117(b).

In §§ 2 and 3 of the session laws, the General Assembly instructed courts as to how to apply CJ § 5-117(b) and (d) (West 2017). Section 2 (like the nearly identical uncodified text in the 2003 law) provides that the 2017 law "may not be construed to apply retroactively to revive any action that was barred" by the

31

previously applicable limitations period.  2017 Md. Laws Ch. 12 § 2 (E.165); 2017 Md. Laws Ch. 656 § 2 (E.170).  In other words, the expanded limitations period under CJ § 5-117(b) (Wes 2017) would apply only prospectively.

Section 3 confirmed that CJ § 5-117(d) is "the statute of repose" referenced in the statement of purpose, and directed courts to give that statute prospective and retroactive effect:

> *[T]he statute of repose under § 5-117(d)* … shall be construed to apply both prospectively and retroactively *to provide repose* to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017.

2017 Md. Laws Ch. 12 § 3 (emphasis added) (E.165); 2017 Md. Laws Ch. 656 § 3 (same) (E.170).

When it enacted the CVA six years later, the General Assembly explicitly recognized that the 2017 law had enacted a statute of repose.  In its statement of purpose, the CVA provides that it is "repealing a statute of repose for certain civil actions relating to child sexual abuse."  2023 Md. Laws Ch. 5 (E.175); 2023 Md. Laws Ch. 6 (E.187).  This language mirrors that of the 2017 law, with its purpose of "establishing a statute of repose for certain civil actions relating to child sexual abuse."  2017 Md. Laws Ch. 12 (E.162); 2017 Md. Laws Ch. 656 (E.167).  The CVA also purports to authorize a plaintiff to bring an action "[a]t any time" "notwithstanding any time limitation under a statute of limitations, a statute of repose, … or any other law."  2023 Md. Laws Ch. 5 § 1 (E.176);

32

2023 Md. Laws Ch. 6 § 1 (E.188).  The CVA then strikes from the session laws the 2017 statute of limitations in CJ § 5-117(b) and the statute of repose in CJ § 5-117(d), as well as §§ 2 and 3 of the 2017 session laws.  2023 Md. Laws Ch. 5 § 1 (E.175-84); 2023 Md. Laws Ch. 6 § 1 (E.187-196).

In sum, it is abundantly clear, based on the statutory language alone, that CJ § 5-117(d) (West 2017) is a statute of repose.  The 2017 law clearly and unambiguously stated that it had a dual purpose: to "alter[ ] the statute of limitations" for all claims, and to "establish[ ] a statute of repose."  2017 Md. Laws Ch. 12 (E.162); 2017 Md. Laws Ch. 656 (E.167).  It differentiated the statute of limitations in § 5-117(b) from the statute of repose in § 5-117(d).  It expressly referred to "the statute of repose" in § 5-117(d) and stated that it shall "provide repose" to non-perpetrator defendants—peace above and beyond what the statute of limitations in § 5-117(b) provided as to all claims.  And six years later, when it purported to undo the 2017 law, the Legislature expressly stated that it was "repealing a statute of repose."  2023 Md. Laws Ch. 5 (E.175); 2023 Md. Laws Ch. 6 (E.187)

Plaintiffs' argument that CJ § 5-117(d) is not a statute of repose defies basic principles of statutory interpretation.  The *Schappelle* court, confronting identical arguments, discussed this at length:

> [Plaintiff's argument w]ould render many words in the statute meaningless.  The repeated identification and description of the law as one of repose would have to

33

> be ignored by the Court for the Plaintiff to prevail. Such a reading violates a fundamental principle of statutory construction that the courts interpret statutes to give every word effect, avoiding constructions that render any portion of the language superfluous or redundant. … It does not appear to the Court that wholesale deletion of statutory language is a reasonably possible interpretation of the language.

(App.13) (quotation marks and citation omitted).

In this case, the circuit court implicitly concluded that the General Assembly did not "mean[ ] what it said." *Peterson*, 467 Md. at 727 (citation omitted). That argument is untenable. In addition to the abundantly clear statutory text and context, courts also "presume that the Legislature has acted with full knowledge of prior and existing law, legislation and policy." *Taylor v. Mandel*, 402 Md. 109, 131 (2007). By 2017, this Court had explained that "[t]he purpose of a statute of repose is to provide *an absolute bar* to an action or to provide a grant of immunity to a class of potential defendants after a designated time period," and that the term "[s]tatute of repose … refers to a special statute with a different purpose and implementation than a statute of limitation." *Anderson*, 427 Md. at 118 (emphasis added); *see also Carven v. Hickman*, 135 Md. App. 645 (2000), *aff'd*, 366 Md. 362 (2001) ("a 'statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time'" (quoting *First United Methodist Church v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989))); *cf.*

34

*Hagerstown Elderly Assocs. L.P. v. Hagerstown Elderly Bldg. Assocs. L.P.*, 368 Md. 351, 358-63 (2002) (discussing purposes of statutes of repose under CJ § 5-108(a), (b)).

With that clear understanding of what a statute of repose is and what it does, the General Assembly proceeded to enact just such a statute of repose and label it as such.

### 2. The Legislative Record Repeatedly Refers to, and Describes the Effect of, the Statute of Repose.

There is no need to consult legislative history to determine what § 5-117(d) is, because the text makes that unambiguously and unmistakably clear. *Rowe v. Md. Comm'n on Civ. Rts.*, 483 Md. 329, 342-43 (2023). But it is reassuring, and not at all surprising, that the legislative record is entirely consistent with the statutory text. As the *Schappelle* court explained, the "legislative history is replete with examples of the Legislature being provided with materials that used the term statute of repose and that consistently differentiated between a statute of limitations and a statute of repose." (App.14). "This demonstrates," the court continued, "that the Legislature knew the difference between the concepts, and purposely chose to adopt [CJ] § 5-117(d) as a statute of repose." (App.14).

The 2017 legislation followed decades of debate concerning judicial access for victims and the fairness and lawfulness of reviving expired claims.

35

A review of the legislative record reinforces what is clear from the statute's text—the 2017 law was intended to resolve, once and for all, the question whether the limitations period should be extended and whether stale claims could be revived, at least as against non-perpetrator defendants.

The original versions of H.B. 642 and S.B. 505 featured a 20-year expansion of the limitations period and a heightened standard for claims against non-perpetrator defendants, with no accompanying statute of repose. *Supra* 11-12. In a hearing on that version of the Senate bill, Senators Norman and Casilly expressed concern about businesses', churches', and schools' ability to retain records or locate witnesses. *Supra* 12. After these comments, the bills were amended to "provide repose" to non-perpetrator defendants after a certain period. Those amendments expressly referred to CJ § 5-117(d) as a statute of repose; placed the statute of repose in a different sub-section of the code from the statute of limitations; defined the term "alleged perpetrator" (to establish the scope of § 5-117(d)'s protection for non-perpetrator defendants); and explained that CJ § 5-117(d) would provide "repose" to non-perpetrator defendants as to certain actions. *Supra* 12.

Other "key legislative history document[s]" reinforce the 2017 law's twin purposes. *Hayden v. Md. Dep't of Nat. Res.*, 242 Md. App. 505, 530 (2019) (citation omitted). In the 2017 bill file, the committee floor report for the House Bill explained that the bill "(1) expands the statute of limitations for an action

36

of damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor and … [(2)] establishes a statute of repose for specified civil actions relating to child sexual abuse." (E.230).

> The Fiscal and Policy Note was similarly clear:
>
> The bill establishes a "statute of repose" for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

(E.241). Notably, the Fiscal and Policy Note and both Floor Reports put the term "statute of repose" in quotation marks, signifying that it is a term-of-art (and not, as Plaintiffs argued below, a colloquialism). (E.231, E.236, E.241).

Floor statements also referred to provisions of the bill. *Supra* 14. The Senate was told that the bill "expands [the] statute of limitations" and *"also creates a statute of repose* for specified civil actions relating to child sex abuse," S. Floor, H.B. 642, 437th Gen. Assemb., Reg. Sess., at 2:16:32-2:17:48 (Mar. 23, 2017) (emphasis added).[18] And in a reference to the "absolute bar" of the statute of repose in CJ § 5-117(d), *Anderson*, 427 Md. at 118, the House was told that the bill "prohibits the filing of an action … more than 20 years after the victim reaches the age of majority." H. Floor Actions on H.B. 642, 437th

---

[18] *Available at* https://tinyurl.com/3h44rra8.

Gen. Assemb., Reg. Sess., at 57:40-58:24.[19]  When the House sponsor said he would "not come back to the well," he reflected the apparent consensus that the 2017 bill was intended to provided finality.  *Supra* 15.

Last, one of the relevant bill files contains a document entitled "Discussion of certain amendments in SB0505/818470/1," which distinguishes statutes of limitations from statutes of repose.  That document states that, if enacted, the proposed "statute of repose" will create "vested rights," and observes that "claims precluded by the statute of repose cannot be revived in the future."  (E.248).  Although unsigned and undated, the Discussion accurately describes the state of the law in Maryland at that time, and is the sort of evidence that this Court has consulted to discern legislative intent in the past.  *See Warfield v. State*, 315 Md. 474, 497 (1989) (reviewing a "handwritten note, undated and unidentified" to determine meaning of statute); *see also Herd v. State*, 125 Md. App. 77, 90 (1999) (same).

### 3.    CJ § 5-117(d) (West 2017) Contains Features Associated With Other Statutes of Repose.

Plaintiffs have argued that CJ § 5-117(d) was not a statute of repose, because it supposedly lacked the "structure and elements" invariably

---

[19] *Available at* https://tinyurl.com/mr3hah7v.

associated with other statutes of repose. That argument is wrong for two reasons.

First, when determining whether a statute was one of limitations or of repose, this Court has stated that there are no required features of a statute of repose. There "are overlapping features of statutes of limitations and statutes of repose, and definitions aplenty from which to choose," and "no hard and fast rule to use as a guide." *Anderson*, 427 Md. at 123. Thus, "[f]irst and foremost, the plain language of the statute controls." *Id.* at 125.

Second, even if there were certain required features of a statute of repose (and there are not), CJ § 5-117(d) (West 2017) contains the most significant features found in other statutes of repose.

### a. CJ § 5-117(d) (West 2017) Imposes an "Absolute Bar" to Suit.

Maryland courts have described statutes of repose as providing "an absolute bar" to suit "after a designated time period." *Anderson*, 427 Md. at 118. Section 5-117(d) states that "[i]n no event" shall an action be filed against non-perpetrator defendants more than 20 years after the victim reaches the age of majority. *Id.* This language "shows an intent to provide the type of absolute bar to an action provided by a statute of repose." Mar. 16, 2019 Rowe Letter, at 2 (E.256); *accord* June 23, 2021 Rowe Letter, at 2 (E.259); *see also, e.g.*, *Calif. Pub. Employees Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017);

*Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 516 (Tenn. 2005), *as amended on reh'g in part* (Feb. 21, 2006).

There is a second textual indication that § 5-117(d) provided an absolute bar: § 5-117(b) of the 2017 law was made "subject to" § 5-117(d). In other words, even if a plaintiff otherwise would enjoy the benefit of tolling under § 5-117(b), any claim against a non-perpetrator would still be barred by § 5-117(d). The non-perpetrator would obtain "complete peace" after the expiration of the 20-year repose period—the "outside limit" as to that claim. *ANZ Sec., Inc.*, 582 U.S. at 505, 510.

### b. CJ § 5-117(d) (West 2017) Shelters Non-Perpetrator Defendants from an Action After a Certain Period of Time.

Statutes of repose "shelter[ ] legislatively-designated groups from an action after a certain period of time." *Anderson*, 427 Md. at 118; *see* CJ § 5-108(b) (statute of repose protecting "any architect, professional engineer, or contractor" from liability). Here, CJ § 5-117(d) applies only to a specific subset of potential defendants—"a person or governmental entity that is not the alleged perpetrator." *Id*. It does not apply to "perpetrators" of sexual abuse of minors. The repose granted to non-perpetrator defendants contrasts with § 5-117(b), which sets forth the statute of limitations periods applicable to claims against *any* defendant.

### c. CJ § 5-117(d) (West 2017) Reflects a Balance of the Respective Rights of Potential Plaintiffs and Defendants.

A statute of repose is a substantive grant of immunity "based on a legislative balance of the respective rights of potential plaintiffs and defendants." *Gilroy*, 459 Md. at 636 n.1. The 2017 law reflects just that sort of "legislative balance." The legislative record contains numerous references to the issue of sexual abuse of minors, the impact on victims, and delays in reporting by victims. It also reflects concern about the prejudice to defendants (including institutional defendants) in defending against stale claims based on long-ago conduct, and the substantial efforts taken by Catholic entities in particular to address and prevent sexual abuse of minors. The "legislative balance" of those competing considerations is also evident from the face of the 2017 law, which nearly tripled the period of time in which plaintiffs could bring suit, while also assuring non-perpetrator defendants that ancient claims, recognized as difficult to defend, would not be revived. *See supra* 9-11.

Contrary to Plaintiffs' argument below, there is, in fact, a public, economic interest in providing repose at some point to defendants who were not themselves perpetrators of abuse—just as there is an interest in CJ § 5-108(b)'s protection of architects, engineers, and contractors from claims after a certain period of time. As Senator Norman recognized as to a prior legislative attempt to revive expired claims, "this has … huge ramifications for every

41

agency where children are involved." S. Jud. Proc. Comm. Hearing, 435th Gen. Assemb., Reg. Sess. at 5:27:36-5:27:42 (Mar. 12, 2015).[20] Many, if not most, of those agencies are non-profit, charitable institutions that provide important services to the public. The "public as a whole" benefits from providing a measure of certainty to those institutions—even more so than it benefits from providing a measure of certainty to participants in the construction industry. *See Hagerstown Elderly Assocs.*, 368 Md. at 362 (explaining that § 5-108(a), (b) protect certain defendants from construction-related claims "that did not become manifest until years" after the complained-of conduct).

### d. CJ § 5-117(d) Runs from an Event Unrelated to Plaintiff's Injury.

This Court has observed that in "common parlance, statutes of limitation and statutes of repose are differentiated consistently and confidently by whether the triggering event is an injury or an unrelated event; the latter applying to a statute of repose." *Anderson*, 427 Md. at 119. Here, the trigger for CJ § 5-117(d) is a date unrelated to the injury—namely, the date of majority.

Below, Plaintiffs argued that CJ § 5-117(d) is not a statute of repose because it is "not triggered by the defendant's actions" and the "triggering event is plaintiff-focused." But as noted, there is "no hard and fast rule" on

---

[20] *Available at* https://tinyurl.com/ycyyvw4n.

this question. *Anderson,* 427 Md. at 123.  Although *Anderson* sometimes refers to statutes of repose as running from "a specified time since the defendant acted," *id.* at 117 (citation omitted), or as running from a time "related to an event or action independent of the potential plaintiff," *id.* at 126, the case says (one way or another) more than a half-dozen times that statutes of repose run from "an event that is unrelated to when the injury occurs." *Id.* at 118; *see also, e.g.*, *id.* at 119.  This Court endorsed that standard again after *Anderson*. *See Mathews v. Cassidy Turley Md., Inc.*, 435 Md. 584, 611-12 (2013).  And this is not the only statute of repose governing sexual abuse claims that runs from the plaintiff's age of majority; the same is true of the Illinois and South Dakota statutes of repose. *See* Ill. Rev. Stat., 1990 Supp., ch. 110 (codified at 735 ILCS 5/13-202.2(b) (West 1992)); *M.E.H. v. L.H.*, 685 N.E.2d 335, 339 (Ill. 1997); 2010 S.D. Sess. Laws ch. 141 § 1 (codified at S.D. Cod. Laws § 26-10-25); *see Bernie v. Blue Cloud Abbey*, 821 N.W.2d 224, 230 n.9 (S.D. 2012).

### e. Post-Repose Accrual is not a Requirement of Statutes of Repose.

Lastly, Plaintiffs suggested below that CJ § 5-117(d) (West 2017) must extinguish only unaccrued claims in order to qualify as a statute of repose.  But *Anderson* says only that statutes of repose "*may* extinguish a potential plaintiff's right to bring a claim before the cause of action accrues." 427 Md. at 119 (emphasis added).  Plaintiffs' position—that the Legislature may not enact

43

a statute of repose unless it extinguishes unaccrued claims—makes no sense. If anything, there are more compelling reasons to grant repose against claims that could have been brought years ago than to grant repose against claims that have not yet arisen.[21]  And even if an essential feature of a statute of repose were that it can extinguish a cause of action that has not yet accrued, that is true of § 5-117(d).  In Maryland, statutes of repose extinguish causes of action that have not yet accrued by reason of fraudulent concealment, which Plaintiffs have argued applies here, or by application of the discovery rule.  *See Carven*, 135 Md. App. at 652.

In conclusion, there is simply no reason not to treat CJ § 5-117(d) (West 2017) as precisely what the statute says it is—a statute of repose.

## B.  The Statute of Repose Vested a Substantive Right in the Archdiocese to Be Free from Plaintiffs' Claims.

Maryland courts have recognized that statutes of repose "create a substantive right protecting a defendant from liability after a legislatively-determined period of time."  *Anderson*, 427 Md. at 120.

Repose—the right to be free from liability—vests at the expiration of the statutory repose period.  This is true in Maryland, *see id.*; *Carven*,

_____

[21]  Indeed, *Anderson* cited statutes of repose governing medical malpractice claims from Arkansas and North Carolina that bar *only* claims that have been deemed accrued.  *See* 427 Md. at 124-25 & n.10 (citing N.C. Gen. Stat. § 1-15(c) (2012); Ark. Code Ann. § 16-114-203 (2012)).

135 Md. App. at 652; *First United Methodist Church*, 882 F.2d at 866; *Duffy v. CBS Corp*, 232 Md. App. 602, 622-23 (2017), *rev'd on other grounds*, 458 Md. 206 (2018), and elsewhere, *see Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 351 (3d Cir. 2021) (collecting cases).  For this reason, federal and state courts have continued to enforce vested rights to repose even after the repeal of a statute of repose.  *See, e.g., Anderson v. Cath. Bishop*, 759 F.3d 645, 648 (7th Cir. 2014); *M.E.H.*, 685 N.E.2d at 339.

Section 5-117(d) vested a right in any "person or governmental entity that is not the alleged perpetrator" to be free of "action[s] for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor" if "more than 20 years" had passed "after the date on which the victim reache[d] the age of majority."  2017 Md. Laws Ch. 12 § 1 (E.164); 2017 Md. Laws Ch. 656 § 1 (E.169).  That was the case as to all of Plaintiffs' claims before October 1, 2023, when the CVA took effect and their claims were asserted.[22]  Under the terms of § 5-117(d), the Archdiocese had a vested right to be free from liability for plaintiffs' injuries.  *Anderson*, 427 Md. at 120.

---

[22] Plaintiffs argued below that they were not subject to the statute of repose, because their claims were tolled.  But in Maryland, statutes of repose generally forbid tolling, *Carven*, 135 Md. App. at 652; thus, the limitations period in § 5-117(b) was made "subject to" the statute of repose in § 5-117(d).  In any event, the allegations of the Complaint do not support any theory of tolling, *see infra* 50.

### C. The CVA's Abrogation of the Vested Rights Created by § 5-117(d) (West 2017) Is Unconstitutional.

Under Article 24 of the Maryland Declaration of Rights (the due process clause) and Article III, Section 40 of the Maryland Constitution (the takings clause), the Legislature may not abrogate vested rights or take property without just compensation. This Court "has consistently held that the Maryland Constitution ordinarily precludes the Legislature … from … reviving a barred cause of action, thereby violating the vested right of the defendant." *Dua*, 370 Md. at 633; *see also Smith v. Westinghouse Elec. Corp.*, 266 Md. 52, 55-57 (1972). When the Legislature passes a law abrogating a vested right, it violates the due process clause. *See Dua*, 370 Md. at 627-28. The same state action independently violates the takings clause, by taking private property without compensation. *See id.* at 628-29.

"It has been firmly settled … that the Constitution of Maryland prohibits legislation which retroactively abrogates vested rights." *Dua,* 370 Md. at 623; *see Willowbrook Apartment Assocs., LLC v. Mayor of Balt.*, 563 F. Supp. 3d 428, 445 (D. Md. 2021) (recognizing that the ban on abrogating vested rights "applies without regard to the State's legislative interests or motivations"). "No matter how 'rational' under particular circumstances, the State is constitutionally precluded from abolishing a vested property right or taking one person's property and giving it to someone else." *Dua,* 370 Md. at 623; *see*

46

*also Muskin v. State Dept. of Assessments & Taxation,* 422 Md. 544, 556-57 (2011).

For this reason, the CVA may not revive claims against non-perpetrator defendants that at the time of its effective date were already barred by the existing statute of repose—that is, claims, like those in this case, by plaintiffs who had reached the age of majority more than 20 years before the CVA took effect. To revive those expired claims would violate the Archdiocese's due process rights, by abrogating its vested right to be free of those claims, and offend the takings clause as to the Archdiocese, by destroying that vested right without compensation.

Below, Plaintiffs relied on *Allstate Ins. Co. v. Kim* to argue that, even if § 5-117(d) were a statute of repose, it did not confer vested rights. 376 Md. 276, 297-98 (2003). But that case did not involve the revival of claims extinguished by a statute of repose. In *Kim*, the Legislature abolished the common-law defense of parent-child immunity in tort actions arising from car accidents. *Kim* held that the right at issue—asserted by an insurer seeking to avoid contractual payment—did not vest until commencement of suit, and therefore had not yet vested at the time of its abrogation. *Id.* This Court explicitly refrained from commenting on whether the policyholder herself could assert the immunity in a future case. *Id.* at 298.

47

*Kim* says nothing about the circumstances here.  As the *Schappelle* court held, the right to repose vests at the expiration of the repose period—not at the time of suit.  (App.20).  A statute of repose creates "a substantive right protecting a defendant from liability after a legislatively-determined period of time." *Anderson*, 427 Md. at 120.  That, of course, is consistent with "the object of a statute of repose," which is "to grant complete peace to defendants." *ANZ Sec., Inc.*, 582 U.S. at 510.  Here, the Archdiocese's right of repose as to Plaintiffs' claims vested at the expiration of the repose period, and before the CVA's effective date.

In *Duffy*, the Appellate Court held that the revival of claims barred by the statute of repose was an unconstitutional abrogation of vested rights.  232 Md. App. at 622-23.  That case involved a claim arising from asbestos exposure predating the statute of repose governing construction claims.  The Appellate Court held that the statute of repose applied to the defendant, notwithstanding the retroactive repeal for asbestos claims.  *Id*. at 611-15.  Because the repose period had already run when the Legislature repealed the statute, the court held that the defendant possessed a "vested right" under the statute of repose "not to be sued on 'a cause of action that was otherwise barred.'" *Id*. at 622-23 (quoting *Dua*, 370 Md. at 627).  That right could not be destroyed.  *Id*. Although this Court reversed the outcome in *Duffy,* it did not disturb or question the ruling that vested rights created by a statute of repose could not

48

be destroyed; it merely held that the statute of repose did not cover the claim at issue.  458 Md. at 217.

## II.  The CVA's Attempt to Revive Claims Barred by the Statute of Limitations is Unconstitutional.

Even if § 5-117(d) were not construed to be a statute of repose, but merely a statute of limitations, the CVA's revival of Plaintiffs' previously expired claims would violate due process and the takings clause.  *See* Md. Const., Decl. of Rts., art. 24; *id*. art. III, § 40.  That is because in Maryland the expiration of a limitations period also vests a substantive right to be free of liability.

### A.  Plaintiffs' Claims Have Been Barred Under the Statute of Limitations Since No Later Than 2010 (Doe), 1979 (Roe), and 1974 (Smith).

Plaintiffs' claims have long been barred by the applicable statute of limitations.  Plaintiff Doe attained majority in 2003.  Therefore, the 2003 law extending the statute of limitations from three to seven years after the age of majority applied to Doe's claims, and those claims were time-barred in 2010.

Plaintiffs Roe and Smith, who allege they were sexually abused by clergy in the mid-1960s, reached the age of majority no later than the 1970s.  At that time, any civil claim arising from sexual abuse as a minor was subject to a

statute of limitations of three years.[23]  *See Scarborough v. Altstatt*, 228 Md. App. 560, 567 (2016).  That three-year period lapsed for Roe no later than 1979 and for Smith in 1974, at which time their claims were barred by the statute of limitations.

Nor is there any basis for tolling.  The Complaint forecloses any theory of continuing violation, fraudulent concealment, or breach of fiduciary duty.  Plaintiffs allege no continuing abuse after the age of majority.  *See Bacon v. Arey*, 203 Md. App. 606, 655-56 (2012).  As for fraudulent concealment, Plaintiffs were "immediately on notice of potential claims against the [deacon and] priests as well as against the Archdiocese as their employer" at the time of the alleged abuse, and the statute of limitations began to run at that time.  *Doe v. Archdiocese of Wash.*, 114 Md. App. 169, 188-89 (1997).  And there are no specific allegations of actual dependence or contract between Plaintiffs and the Archdiocese, as required to support a claim for breach of fiduciary duty or confidential relationship.  *Latty v. St. Joseph's Soc'y of Sacred Heart, Inc.* 198 Md. App. 254, 267-68 (2011), *abrogated on other grounds by Plank v. Cherneski*, 469 Md. 548 (2020).

---

[23] Plaintiffs' claims would have been subject to the general statute of limitations for civil actions, which would have been at most three years. 1973 Md. Laws Ch. 2 § 1 (S.B. 1).  If Smith reached the age of majority before the 1973 law came into effect, a three-year general limit would still apply.  *See McIver v. Russell*, 264 F. Supp. 22, 25 n.3 (D. Md. 1967).

**B.    The Maryland Declaration of Rights and Maryland Constitution Preclude the Revival of Claims Barred by a Statute of Limitations.**

This Court has strongly implied that the expiration of a statute of limitations creates a vested right to be free of liability: "[A]n individual does not have a vested right to be free from suit or sanction for a legal violation *until the statute of limitations for that violation has expired*." *Doe v. Roe*, 419 Md. at 707 n.18 (citing *Crum v. Vincent*, 493 F.3d 988, 997 (8th Cir. 2007)). The Appellate Court has made that point explicit: "when a defendant has survived the period set forth in [a] statute of limitations without being sued, a legislative attempt to revive the expired claim would violate the defendant's right to due process." *Rice*, 186 Md. App. at 563. This is the case even in the absence of a statute of repose. *See Dua*, 370 Md. at 635-36.

The rule prohibiting the revival of expired claims is consistent with the purpose of statutes of limitations, which are motivated by "considerations of fairness." *Gilroy*, 459 Md. at 636 n.1 (citation omitted). As this Court has observed, statutes of limitations "implicitly recognize[ ] that as time passes, difficult evidentiary issues arise, such as proof of the cause of injury, faded memories, and the availability of witnesses." *Marsheck v. Bd. of Trs. of Fire & Police Emps. Ret. Sys. of Balt.*, 358 Md. 393, 404-05 (2000). The "right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* at 405 (citation omitted).

51

Here, decades have passed since the alleged abuse, and many of the relevant witnesses are deceased. The unfairness of allowing old claims such as these to proceed is compounded when the claims have previously expired. This Court has emphasized that "without closure on the filing of … claims, potential defendants are often faced with uncertainty that may affect their future financial viability." *Id.* When stale claims expire, a measure of certainty is restored. If expired claims can be revived, all certainty is destroyed, and the uncertainty can be overwhelming.

In this case, the circuit court did not address whether statutes of limitations create vested rights. (E.140-46). The *Schappelle* court, however, held that statutes of limitations have "mixed substantive and procedural aspects," and that once statutes of limitations run, they create vested rights to be free from liability. (App.26 (quoting *Doe v. Roe*, 419 Md. at 708)). And the *Schappelle* court held that under the Maryland Constitution, those vested rights may not be destroyed. (App.26).

## III.    The Canon of Constitutional Avoidance Cannot Save Plaintiffs' Claims.

Below, Plaintiffs attempted to rescue the CVA by invoking the presumption of constitutionality and the related canon of constitutional avoidance. But when a statute destroys vested rights, there is no question that it is unconstitutional. *See supra* 46-47. And although the canon of

52

constitutional avoidance permits a court to interpret a statute narrowly to avoid constitutional problems, *Koshko v. Haining*, 398 Md. 404, 425 (2007), a finding of constitutional infirmity could be avoided here only if the CVA were interpreted *not* to revive Plaintiffs' expired claims.

The only potential application of the canon in this case would be to construe the CVA's retroactivity provision, which refers only to the statute of limitations, to exclude claims extinguished by the statute of repose. *See* 2023 Md. Laws Ch. 5 § 3 (E.184) (providing that the CVA "shall be construed to apply retroactively to revive any action that was barred by the application of the *period of limitations* applicable before October 1, 2023" (emphasis added)); 2023 Md. Laws Ch. 6 §3 (E.196) (same); *see also Langston v. Riffe*, 359 Md. 396, 406, 418 (2000) ("In the absence of clear legislative intent to the contrary, a statute is not given retrospective effect." (citations omitted)). But that is not what Plaintiffs seek. Instead, they seek to save the CVA from as-applied constitutional infirmity by interpreting *a different unambiguous statute* (§ 5-117(d) (West 2017)) to mean the opposite of what it says. That turns the doctrine of constitutional avoidance inside out.

\*    \*    \*

In sum, when the statute of limitations expired on Plaintiffs' claims long ago, the Archdiocese acquired a right to be free from those ancient claims. That vested right was reinforced and fortified by the explicit statute of repose

enacted in 2017. The CVA's attempt to abrogate that vested right is unconstitutional under Article 24 of the Maryland Declaration of Rights, and Article III, Section 40 of the Maryland Constitution.

## Conclusion

For the foregoing reasons, the Court should reverse the circuit court's judgment.

Respectfully Submitted,

/s/ *Kevin T. Baine*
Kevin T. Baine (AIS 8506010010)
Richard S. Cleary, Jr. (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
202-434-5010
kbaine@wc.com
rcleary@wc.com

/s/ *Andrew Jay Graham*
Andrew Jay Graham
(AIS 7307010005)
John A. Bourgeois
(AIS 9312140080)
Steven M. Klepper
(AIS 0112120030)
KRAMON & GRAHAM, P.A.
East Pratt Street, Suite 1100
Baltimore, MD 21202-3201
(410) 752-6030; (410) 539-1269 (fax)
agraham@kg-law.com
jbourgeois@kg-law.com
sklepper@kg-law.com
*Attorneys for Roman Catholic*
*Archbishop of Washington, a*
*Corporation Sole*

54

**Certification of Word Count and Compliance with Rule 8-112**

This brief contains 12,898 words, excluding the parts of the brief exempted from the word count by Rule 8-503. This brief also complies with the font, spacing, and type size requirements state in Rule 8-112.

*/s/ Kevin T. Baine*
Kevin T. Baine

## Text of Relevant Constitutional Provisions

### Maryland Declaration of Rights, Article 24

That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.

### Maryland Constitution, Article III, Section 40

The General Assembly shall enact no Law authorizing private property to be taken for public use without just compensation, as agreed upon between the parties, or awarded by a jury, being first paid or tendered to the party entitled to such compensation.

## Certification of Service

I hereby certify that, on July 8, 2024, I filed this brief with MDEC, which will cause copies to be served electronically on counsel for Respondents, and that, within one business day I will mail two copies by first-class mail, postage prepaid, addressed to:

> Jonathan Schochor (#7406010179)
> Kerry D. Staton (#8011010366)
> Joshua F. Kahn (#1012150095)
> SCHOCHOR, STATON, GOLDBERG
> AND CARDEA, P.A.
> The Paulton
> 1211 St. Paul Street
> Baltimore, Maryland 21202
>
> Andrew S. Janet (#1812110188)
> Patrick A. Thronson (#1312190237)
> Tara L. Kellermeyer (#0406150162)
> Adina S. Katz (#1606210140)
> JANET, JANET & SUGGS, LLC
> Executive Centre at Hooks Lane
> 4 Reservoir Circle, Suite 200
> Baltimore, Maryland 21208
>
> Robert S. Peck
> CENTER FOR CONSTITUTIONAL
> LITIGATION, P.C.
> 1901 Connecticut Avenue, NW
> Suite 1101
> Washington, DC 20009
>
> *Counsel for Respondents*
>
> /s/ Kevin T. Baine
> Kevin T. Baine (AIS 8506010010)

57

## Appendix to Petitioner's Brief

Memorandum Opinion and Order, *Schappelle v. Roman Cath. Archdiocese of Washington*, No. C-15-CV-23-003696 (Montgomery Cty. Cir. Ct. Apr. 1, 2024) ...................................................................................................App.1

Order, *Schappelle v. Roman Cath. Archdiocese of Washington*, No. C-15-CV-23-003696 (Montgomery Cty. Cir. Ct. Apr. 1, 2024)..........................................App.29

H.B. 642 (First Reader) (Md. 2017) ....................................................App.30[1]

S.B. 505 (First Reader) (Md. 2017) .....................................................App.34[2]

Table of Pet. Br. Internet Addresses................................................App.37

---

[1] *Available at*
https://mgaleg.maryland.gov/mgawebsite/Legislation/Details/hb0642/?ys=2017rs (click on link under "First Reading Judiciary" in "History" section of the page).

[2] *Available at*
https://mgaleg.maryland.gov/mgawebsite/Legislation/Details/sb0505/?ys=2017rs (click on link under "First Reading Judicial Proceedings" in "History" section of the page).

E-SERVED Montgomery Circuit Court 4/1/2024 9:16 AM System SystemEnvelope:15941053
E-FILED; Montgomery Circuit Court
Docket: 4/1/2024 9:16 AM; Submission: 4/1/2024 9:16 AM
Envelope: 15941053

### IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MD

| | | |
|---|---|---|
| **DAVID S. SCHAPPELLE,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. C-15-CV-23-003696 |
| **ROMAN CATHOLIC ARCHDIOCESE OF WASHINGTON, A CORP. SOLE, et. al.** | * | |
| | * | |
| **Defendants,** | * | |

---

### MEMORANDUM OPINION AND ORDER

#### I.    FACTUAL AND LEGAL BACKGROUND

Plaintiff was born in 1977. In 1986, when Plaintiff was nine years old, Plaintiff alleges in his amended complaint that he was repeatedly sexually abused by a priest and abused on one occasion by another priest in the fall of 1986.[1] Plaintiff reached the age of majority in 1995.

At the time Plaintiff reached the age of majority, the limitations period on civil claims arising from alleged sexual abuse was three years from the date it accrues. MD. CODE ANN., CTS. & JUD. PROC. §5-101 ("CJP"). For minors, the statutory time limits began to run once the child reached the age of majority. MD. CODE ANN., CTS. & JUD. PROC. §5-201. Thus, the statute of limitations for Plaintiff's claims began to run when he reached the age of majority and ended three years later. Under this timeline, Plaintiff's legal claims originally expired in 1998, one day before his 21st birthday.

In 2003, CJP §5-117 was enacted to extend the statute of limitation for claims arising

---

[1] Plaintiff's allegations as to the second priest do not form the basis for Plaintiff's claims against Defendants.

Entered: Clerk, Circuit Court for Montgomery County, MD
April 1, 2024

App.1

from sexual abuse of a minor from three years to seven years after a plaintiff attained the age of

majority. The law also prohibited the revival of barred claims before October 1, 2003. Act of

May 22, 2003, ch. 360, 2003 Md. Laws 2589.

In 2017, CJP §5-117 was amended to further extend the statute of limitations for claims

arising from sexual abuse of a minor to twenty years after a plaintiff attained the age of majority.

Again, the law prohibited revival of barred claims before October 1, 2017.    Act of May 25,

2017, ch. 656, 2017 Md. Laws 3895, 3898.  In addition, the statute provided that no claims could

be filed against non-perpetrator defendants more than 20 years after the victim reached the age of

majority.  *Id.*  Under this timeline, Plaintiff's legal claims expired in 2015, which was 20 years

after he reached the age of majority.

In 2023, the Child Victims Act of 2023 ("CVA") was enacted. The Act abolished the

statute of limitations for claims of sexual abuse of minors against both perpetrator defendants

and non-perpetrator defendants. The Legislature repealed and replaced the 2017 language with

the following:

> (b) … notwithstanding any time limitation under a statute of limitations, a statute
> of repose, the Maryland Tort Claims Act, the Local Government Tort Claims Act,
> or any other law, an action for damages arising out of an alleged incident or
> incidents of sexual abuse that occurred while the victim was a minor may be filed
> at any time.

MD. CODE ANN. CTS. & JUD. PROC. §5-117(b) (West 2023).

On October 1, 2023, Plaintiff filed an eight-count complaint against non-perpetrator

Defendants alleging (1) negligence against Roman Catholic Archdiocese of Washington, a

Corporation Sole ("Archdiocese") and St. Rose of Lima Catholic Church ("St. Rose"); (2)

negligent hiring of employees against Archdiocese and St. Rose; (3) negligent supervision and

retention of employees against Archdiocese and St. Rose; (4)  premises liability against

Entered: Clerk, Circuit Court for
Montgomery County, MD                    2
April 1, 2024

Archdiocese and St. Rose; (5) negligence against St. Luke Institute, Inc. ("St. Luke")[2]; (6)

negligent supervision against St. Luke; (7) fraudulent concealment against St. Luke; and (8)

civil conspiracy against Archdiocese, St. Rose, and St. Luke.

On November 13, 2023, Defendant Archdiocese filed a motion to dismiss challenging the

constitutionality of CVA. On December 6, 2023, Defendant St. Luke filed its motion to dismiss

on the same grounds.

## II.    ISSUES PRESENTED

Defendants pose two arguments in support of their motion to dismiss:

1. The 2017 law created a statute of repose which grants a substantive right to Defendants
   that the Legislature cannot repeal.

2. Even if the 2017 law was a statute of limitations, the Legislature cannot retroactively
   revive a claim that was time barred under the Maryland Constitution.

## III.    STANDARD OF REVIEW

The instant motion to dismiss raises a constitutional challenge to the recently enacted

Child Victim Act, effective October 1, 2023. Child Victims Act of 2023, ch. 5, 2023 Md. Laws

1.[3]

Whenever a constitutional challenge is made against a statute, the courts presume that the

statute is constitutional, and the challenger must clearly establish the invalidity of the statute.

*Edgewood Nursing Home v. Maxwell*, 282 Md. 422, 427 (1978) ("A statute enacted under the

police power carried with it a strong presumption of constitutionality and the party attacking it

has the burden of affirmatively and clearly establishing its invalidity; a reasonable doubt as to its

constitutionality is sufficient to sustain it."). This includes interpreting the statute in such a way

---

[2] St. Luke Institute Foundation, Inc. was dismissed as a defendant by Plaintiff on January 19, 2024.
[3] Session law can be accessed at https://mgaleg.maryland.gov/2023RS/Chapters_noln?CH_5_sb0686t.pdf.

Entered: Clerk, Circuit Court for                    3
Montgomery County, MD
April 1, 2024

that it, "will be construed so as to avoid a conflict with the Constitution whenever that course is reasonably possible." *Koshko v. Haining*, 398 Md. 404, 425 (2007); *Edgewood Nursing Home v. Maxwell*, 282 Md. at 427.

Analysis of the meaning of a statute and the intent of a legislature is first determined by looking to the language itself. *Harford County v. Mitchell*, 245 Md. App. 278, 283 (2020). The words are interpreted from their ordinary and common meaning within the context in which they are used." *Id.* at 284-85. Even if the language is unambiguous, it is useful to review legislative history to confirm that interpretation. *Id* at 285. However, this analysis of the legislative history is only done for confirmatory purposes and should not be done to seek contradiction of the plain language of the statute. *Duffy v. CBS Co.*, 458 Md. 206, 229 (2018). Only if the language is ambiguous, should a court consider the objectives and purpose of the enactment. *Harford County*, 245 Md. App. at 284. "Moreover, when the statute is part of a general statutory scheme or system, 'all sections must be read together . . . to discern the true intent of the legislature." *Id.* (quoting *Mayor & City Council of Balt. V. Johnson*, 156 Md. App. 569 at 593 (2004). The court should also seek to avoid illogical or unreasonable results when determining the legislative intent of a statute. *Harford County*, 245 Md. App. at 284.

IV.    ANALYSIS

Defendants challenge the CVA on grounds that it violates Article 24 of the Maryland Declaration of Rights (the due process clause)[4] and the Maryland Constitution, Article III, Section 40  (the takings clause).[5] First, Defendants argue that the 2017 law was a statute of

---

[4] M.D. CONST. DECLARATION. OF RIGHTS art. XXIV, "That no man ought to be imprisoned or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by judgment of his peers, or by the law of the land."
[5] M.D. CONST. art. III, § 40, "The General Assembly shall enact no Law authorizing private property, to be taken for public use, without just compensation, as agreed upon between the parties, or awarded by a Jury, being first paid or tendered to the party entitled to such compensation."

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

App.4

repose which created a vested right that could not be abrogated by the CVA.  Second,

Defendants argue that even if the 2017 law was not a statue of repose, but instead, a statute of

limitations, the CVA cannot retroactively revive time-barred actions.

Plaintiff responds with four arguments: (1) that the CVA was an abrogation of a statute of

limitations which was procedural in nature and readily applied retroactively, (2) that the

Legislature can modify already vested rights for compelling reasons, (3) that even if the 2017

law was a statute of repose, defendant's fraudulent concealment tolls the time period, and (4) that

Defendants continuing commission of unlawful acts render the CVA inapplicable as no time

limitation began in the first instance.

For the reasons below, the Court finds that the CVA retroactively abrogated the

substantive and vested rights of Defendants, and this abrogation violates the Maryland

Constitution.

### A. Legislative History - Child Sexual Abuse Claims

The general rule is that a civil action shall be filed within three years from the date it

accrues.  CTS. & JUD. PROC. § 5-101.  For minors, CJP § 5-201 also reflects a firmly established

rule that a cause of action accrues once the minor reaches the age of majority.

However, beginning in 1994, the Legislature repeatedly sought to enact exceptions to that

general rule in child sex abuse cases without success. *See Doe v. Roe*, 419 Md. 687, 694 (2011).

In 2003, the Legislature debated not only an extension of the statute of limitations period,

but also the retroactive application of the time period.  After considering an earlier version of the

bill that sought to retroactively revive time barred claims, the final enactment did not include the

retroactive provision. *Id*. at 697-99. Instead, the General Assembly extended the statute of

limitations to seven years after the age of majority and expressly stated that the "Act may not be

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

5

construed to apply retroactively to revive any action that was barred by the application of the

period of limitations applicable before October 1, 2003. Act of May 22, 2003, 2003 Md. Laws at

2590.

      In 2017, the Legislature again changed the law for child abuse claims after several

unsuccessful bills between 2004 through 2016. *See* Def.'s Mot. to Dismiss for Failure to State a

Claim, 7. The stated purpose of this new Act was:

> FOR the purpose of altering the **statute of limitations** in certain civil actions related to
> child sexual abuse; establishing a **statute of repose** for certain civil actions relating to
> child sexual abuse…

Act of May 25, 2017, 2017 Md. Laws at 3895. (emphasis added). The new law stated:

> **In no event** may an action for damages arising out of an alleged incident or incidents of
> sexual abuse that occurred while the victim was a minor be filed against a person or
> governmental entity that is not the alleged perpetrator more than 20 years after the date
> on which the victim reaches the age of majority.

*Id.* at 3898 (emphasis added).  Section 3 of the Act further provided that:

> That the **statute of repose** under 5-117(d) of the Courts Article as enacted by Section 1
> of this Act shall be construed to apply both prospectively and retroactively to provide
> **repose** to defendants regarding actions that were barred by the application of the period
> of limitations applicable before October 1, 2017

*Id.* at 3899 (emphasis added).

      From 2019 to 2021, the Legislature considered but failed to pass any new laws to revive

the claims barred by the 2017 laws.  *See* Mem. In Supp. Of Mot. of Def.'s to Dismiss for Failure

to State a Claim 11.

      Finally, in 2023, in response to the Report on Child Sexual Abuse in the Archdiocese of

Baltimore, (Anthony G. Brown, *Attorney General's Report on Child Sexual Abuse in the*

*Archdiocese of Baltimore*, (2023)), the Legislature enacted the CVA to eliminate all time

limitations for civil actions arising from childhood sexual abuse.  Further, Section 3 provided

**Entered: Clerk, Circuit Court for**
**Montgomery County, MD**
**April 1, 2024**

6

that

> this Act shall be construed to apply retroactively to revive any action that was barred by
> the application of the period of limitations applicable before October 1, 2023.

Child Victims Act of 2023, 2023 Md. Laws at 1.

**B. The 2017 law created a statute of repose.**

**a. The Difference between a Statute of Repose and a Statute of Limitations**

In determining the constitutionality of the CVA, the central issue in this case is whether

the CPJ §5-117(d) of the 2017 Act was a statute of limitations or a statute of repose. *Anderson v.*

*U.S.*, 427 Md. 99, 119 (2012) is the leading Supreme Court case distinguishing statutes of

limitations from statutes of repose.

The *Anderson* Court considered whether CJP §5-109 was a statute of repose or a statute

of limitations. There, the plaintiff filed a medical malpractice suit against the United States

alleging negligent treatment at a veteran's hospital after the federal statute of limitations had

expired. *Id.* at 103-04. However, pursuant to the Federal Tort Claim Act, the claim could be

maintained if the plaintiff would have a cause of action under Maryland's statute. That

Defendant argued that Maryland's medical malpractice statute created a statute of repose, and,

because a statute of repose creates substantive law, Maryland's statute did not permit the

plaintiff's claim. *Id.* at 105. The Federal Court of Appeals for the Fourth Circuit certified a

question of law to the Maryland Supreme Court on whether CJP § 5-109(a)(1) was a statute of

limitations or a statute of repose. *Id.* at 103.

In response to the certified question, the *Anderson* Court delved into the definition,

nature, and meaning of the two types of statutes. The Court observed that these statutes are

superficially similar because both provide a time limit on when a suit can be filed. *Id.* at 118.

However, the statutes are enacted by the legislatures for different reasons. Statute of limitations,

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

"are enacted typically to encourage prompt resolution of claim, to suppress stale claims, and to avoid problems associated with extended delays in bringing a cause of action." *Id*. at 118. As a general matter, a "statute of limitations promote[s] judicial economy and fairness, but do[es] not create any substantive rights in a defendant to be free from liability." *Id*.

In contrast, a statute of repose "is used generally to describe a statute which shelter legislatively-designated groups from an action after a certain period of time." *Id*. Further, the purpose of the statute of repose, "is to provide an absolute bar to an action or to provide a grant of immunity to a class of potential defendants after a designated time period. *Id*. at 438.

These different purposes often lead statute of limitations and statute of repose to have distinct, identifiable characteristics despite a surface level similarity. The *Anderson* Court identified three differentiating characteristics often present in these statutes.

First, while a statute of limitations tends to run after the plaintiff suffers an injury, a statute of repose tends to run after some other event that is unrelated to the plaintiff's injury. *Id*. at 119. The *Anderson* Court noted that, "[n]umerous courts have also held that statutes of repose are characterized by a trigger that starts the statutory clock running for when an action may be brought based on some event, act, or omission that is unrelated to the occurrence of the plaintiff's injury." *Id*. For example, CJP § 5-108(a), a statute of repose, begins to run once an improvement to real property is completed and ends 20 years later. MD. CTS. & JUD. PROC. § 5-108.

Second, as a result of the non-injury based characteristic, potential future claims can be extinguished even before an injury occurs. For example, as seen in CJP § 5-108, if a potential plaintiff is injured by the improvement 21 years after the improvement was made, the plaintiff's claim is barred by the statute of repose.

Entered: Clerk, Circuit Court for
Montgomery County, MD                    8
April 1, 2024

Third, since a statute of limitations is typically triggered by the accrual of a claim, tolling usually applies. *Id.* at 118. Similarly, general principles of the discovery rule may also apply to effect when the statute of limitations begins to run and when it expires. *See Id.* at 110.

However, a statute of repose generally does not allow the tolling of the time period because it is designed to balance the economic best interest of the public against the rights of potential plaintiffs. *Anderson*, 427 Md. at 121. To further effectuate this purpose, statutes of repose are generally not subject to tolling for any reason to avoid upsetting or disregarding the balance created by the legislature. *Id.*

While the *Anderson* Court carefully outlined the typical distinctions between the two kinds of statutes, the Court emphasized that these common characteristics can be blended together and are not quarantined from each other. *Id.* at 123. It is not uncommon for a statute to have characteristics of both a statute of limitations and a statute of repose. The *Anderson* Court observed that:

> [t]here are overlapping features of statute of limitations and statutes of repose, and definitions aplenty from which to choose. There is, apparently, no hard and fast rule to use as a guide. . . We choose not to rely on any single feature of [the statute] in determining its proper classification; rather, we look holistically at the statute and its history to determine whether it is akin to a statute of limitation or a statue of repose.

*Id.* at 123-24. Plainly, there is no single defining characteristic that distinguishes a statute of limitations from a statute of repose. To illustrate precisely that point, the Court noted that North Dakota's statute of repose for medical malpractice claims tolls for fraudulent concealment by the physician. *Id.* Thus, the only way to determine if a statute is one of limitations or repose is to closely analyze the words of the statute and the legislative history.

After analyzing the statute and its legislative history, the *Anderson* Court held that CJP § 5-109 was a statute of limitations. That Court's decision was largely based on the legislative

Entered: Clerk, Circuit Court for       9
Montgomery County, MD
April 1, 2024

App.9

reaction to *Hill v. Fitzgerald*, 304 Md. 689 (1985), a case which first considered the

constitutionality of CJP § 5-109. In relevant part, in *Hill,* the Supreme Court concluded that the

term "injury" in the Act was "the date upon which the allegedly negligent act was first coupled

with the harm." *Id*. at 109 (quoting *Hill*, 304 Md. at 699-700). The Governor was concerned

that such an expansive interpretation of "injury" would allow for claims which did not manifest

itself for years after the negligent act. *Id* at 110-11. As such, legislators offered Senate Bill 225,

which proposed an amendment that replaced the old words, "the injury was committed" to

"allegedly wrongful act or omission." *Id*. at 110. That proposed bill would have abrogated the

*Hill* decision and clearly created an absolute bar to claims after five years. However, that

language was rejected and deleted from the final statute, leaving in place *Hill*'s nuanced

definition of injury. *See also Edmonds v. Cytology Services of Maryland*, *Inc.,* 111 Md. App.

233 (1996) ("the 1987 rejected amendments to S.B. 225 to overturn *Hill*…provides strong

evidence that the General Assembly did not intend to create an ironclad rule that a medical

malpractice claim would be barred if filed more than five years after the health provider's act").

The *Anderson* Court reasoned that because the legislature rejected the language that would have

created an absolute bar on recovery after a time certain, and instead, accepted the word "injury"

and its possibility of creating a long "tail,' the legislature intended to create a statute of

limitations.

      b. **Plain Language**

      The primary indicator of the Legislature's intent is the language of the statute. *Whack v.*

*State*, 338 Md 665, 672 (1995). The 2017 law at issue here begins with a purpose statement that

the law was enacted "FOR the purpose of altering the statute of limitations in certain civil actions

relating to child sexual abuse; <u>establishing a statute of repose for certain civil actions relating to</u>

Entered: Clerk, Circuit Court for
Montgomery County, MD     10
April 1, 2024

child sexual abuse. . ." Act of May 25, 2017, 2017 Md. Laws at 3895. In relevant parts, §5-117(d) of the 2017 act states that:

> **In no event** may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a **person or governmental entity that is not the alleged perpetrator** more than 20 years after the date on which the victim reaches the age of majority.

*Id.* at 3898. (emphasis added). Section 2 of the Act clarifies,

> That this Act may not be construed to apply retroactively to revive any action that was barred by the application of the period of limitation applicable before October 1, 2017.

and Section 3 of the Act states,

> That the **statute of repose under §5-117(d)** of the Courts Article as enacted by Section 1 of this Act shall be construed to apply both prospectively and retroactively **to provide repose** to defendants regarding actions that were barred by the application of **the period of limitations** applicable before October 1, 2017.

*Id.* at 3899. (emphasis added).

Defendants argue that the plain language of the statute reflects the Legislature's intent to create a statute of repose.

In opposition, Plaintiff posits that under the characteristics identified by the *Anderson* Court, the statute fails to satisfy the requirements of a statute of repose. Plaintiff argues that CJP § 5-117(d) is a statute of limitations because it is triggered by an injury, contains within itself a tolling period, and is never susceptible to foreclosure of future claims.

While the Court agrees with Plaintiff that some pertinent *Anderson* characteristics of a statute of repose are not present in the CVA, the Court is satisfied that *Anderson* did not dictate a hard and fast rule for what characteristics make a statute one of repose or limitations. The statute in this case is not similar to the statute at issue in *Anderson*. *Anderson* was a medical malpractice statute, readily definable by injury or a defendant's act of negligence. In contrast, the very nature of the issue that the Legislature sought to address in this statute precluded some

of the *Anderson* characteristics for statutes of repose from being at play – *i.e.* the claim being injury based, the claim being tolled until a victim reach majority, or that a future injury could be foreclosed. The critical feature of a statute of repose - the conclusiveness of the time after which liability is extinguished - is present and the statute creates an absolute bar against future suits to a distinct class.

Central to the Court's ruling in *Anderson* was that Court's determination that the legislature explicitly rejected the creation of an absolute bar against liability, a fact not found in the present case. To the contrary, the language here unequivocally prevents any suit from being filed against a non-perpetrator defendant after a specified amount of time, and the language leaves no exception for an extension of the time after that period of time. The statute also directly identifies a specific protected class, non-perpetrator defendants, which aligns with the purpose of a statute of repose to provide a repose to a named, specific class. *Id.* at 118. These are the saliant characteristics of a statute of repose.

Turning to the Act in full, Plaintiff summarily disregards the entire statutory context of the law, insisting that the Legislature did not mean what it said. Plaintiff dismisses Section 2 and 3 as uncodified provisions of the law and does not address the purpose paragraph. However, statutes are not read in a vacuum. Rather, the interpretation of a statute also depends on reading the whole statutory text. *Burson v. Capps*, 440 Md. 328, 344 (2014). *Elsberry v. Stanley Martin Companies*, LLC, 482 Md. 159, 187 (2022) ("As a matter of precision, the bill title and purpose *are* part of the statutory text-*not* the legislative history- even if both are used in service of ascertaining the intent of the General Assembly."). In addition, the law does not need to be codified for it to be legally binding. *Doe v. Roe*, 419 Md. 687, 700 n.11. (2011).

In this case, the whole statutory text of the law, including the purpose paragraph and the

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

12

uncodified sections, clearly indicate that the law is a statute of repose. The purpose statement outlines that one of the purposes of the bill is to establish a statute of repose. That language also differentiates the newly created statute of repose from the old statute of limitations. Act of May 25, 2017, 3027 Md. Laws at 3895. Section 2 of the Act is identical to the prior 2003 law that bars revival of expired claims. Section 3 of the Act: (1) plainly labels CJP § 5-117(d) as a statute of repose, (2) states that statute shall provide repose to those effected, and (3) again demonstrates that the Legislature made a distinction between the statute of repose that was being enacted, and the previous period of limitations that existed before. The Court finds that Plaintiff's interpretation of the law would render many words in the statute meaningless. The repeated identification and description of the law as one of repose would have to be ignored by the Court for Plaintiff to prevail. Such a reading violates a fundamental principle of statutory construction that the courts "interpret statutes to give every word effect, avoiding constructions that render any portion of the language superfluous or redundant." *Warsame v. State*, 338 Md. 513, 519 (1995). Certainly, the court should read and interpret a statute in a way to encourage the constitutionality of the legislature's actions. *Edgewood*, 282 Md at 427. However, this interpretation must be, "reasonably possible." *Koshko,* 398 Md. at 425. It does not appear to the Court that wholesale deletion of statutory language is a reasonably possible interpretation of the language. For these reasons, the Court finds that the Legislature intended CJP § 5-117(d) to be a statue of repose.

      **c.  Legislative History**

Even assuming that ambiguity does exist in the plain language of the statute, the Court would next look "holistically at the statute and its history to determine whether it is akin to a statute of limitations or a statute of repose." *Anderson,* 427 Md. at 124; *see also Western*

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

13

*Correctional Inst. v. Geiger*, 371 Md. 125, 141 (2002) ("Only when the statutory language is unclear and ambiguous, will courts look to other sources, such as the legislative history").

Here too, the Court finds that the legislative history confirms that the Legislature intended CJP §5-117(d) to be a statute of repose. The legislative history is replete with examples of the Legislature being provided with materials that used the term statute of repose and that consistently differentiated between a statute of limitations and statute of repose. This demonstrates to the Court that the Legislature knew the difference between the concepts, and purposely chose to adopt the CJP §5-117(d) as a statute of repose.

The House Floor Report consistently differentiates between the two statutes. The report states, "[t]he bill (1) expands the statute of limitations for an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor and . . . The bill also creates a statute of repose for specified civil actions relating to child sexual abuse." Pl. Ex. 15 at 1. The Floor Report also states that, "[t]he bill establishes a 'statute of repose' prohibiting a person from filing an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority." *Id.* at 2. Finally, the Floor Report differentiates between the concepts again in the same sentence by stating, "[t]he statute of repose created by the bill must be construed to apply both prospectively and retroactively to provide repose to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017." This sentence in particular highlights that there was an understanding that the Legislature was creating a new statute of repose.

The Senate Floor Report contains similar language as the House Report and maintains the

**Entered: Clerk, Circuit Court for Montgomery County, MD April 1, 2024**

14

consistent separation and differentiation between a statute of limitations and a statute of repose. Pl. Ex. 16 at 2. For example, in the summary, the Report states that, "the bill establishes a 'statute of repose' prohibiting a person from filing an action for damages arising out of an alleged incident. . ." and, "[t]he statute of repose created by the bill must be construed to apply both prospectively and retroactively to provide repose to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017." *Id.*

The Fiscal and Policy Note provided to the Legislature also demonstrates that the Legislature was informed of the clear distinction between the expansion of a statute of limitations, and the establishment of a statute of repose. Pl. Ex. 16 at 1. ("This bill (1) expands the statute of limitations. . . (2) establishes a statute of repose for specified civil actions") The Note also contains the exact same language as the floor reports on the effect of the statute of repose. *Id.* at 2.

Finally, the document entitled, "Discussion of certain amendments in SB0505/818470/1" confirms that the Legislature fully understood the effect that a statute of repose would have on the claims of potential plaintiff. The paper defines the term "statute of repose" and references another type of statute of repose, CJP §5-108, the statute of repose for improvements in property. Def's. Mot. to Dismiss, Ex. 18. The document clearly reflects the knowledge of the Legislature that "claims precluded by the statute of repose cannot be revived in the future." *Id.* Although the discussion paper does not contain identifying information, the Court considers this document as a part of the entire legislative history. *See Warfield v. State,* 315 Md. 474 (1989) (The Court considered a handwritten, undated and unidentified note in the legislative bill file as evidence of legislative intent).

In opposition, Plaintiff insists that the Legislature only used the word "repose"

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

15

colloquially, and without full understanding of the specific meaning. This argument lacks merit and is not reflected anywhere in the legislative record. Instead, the history shows the consistent and accurate differentiation between the two kinds of statute. This demonstrates that the Legislature knew that a statute of repose was different from statute of limitations. There is no evidence of confused usage in the legislative history. Plaintiff does not provide a single instance where the legislature conflated or confused the terms with each other. Moreover, it is "generally presume[d] that the Legislature had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute and the policy of the prior law." *Collins v. State*, 383 Md. 684, 693 (2004) (quoting *Division of Labor v. Triangle General Contractors, Inc.*, 366 Md. 407, 422 (2001).

The legislative history, coupled with the presumption that the Legislature acts with full knowledge of the law, satisfies the Court that CJP §5-117(d) was knowingly intended by the Legislature to be a statute of repose.

## C. A STATUTE OF REPOSE CREATES A SUBSTANTIVE AND VESTED RIGHT WHICH CANNOT BE RETROACTIVELY ABROGATED BY LEGISLATURE.

Even if the 2017 act created a statute of repose, Plaintiff responds that the General Assembly has the authority to retroactively abrogate the granted rights on two grounds. First, Plaintiff argues that only vested rights cannot be retroactively abrogated, and that the rights granted by the statute of repose are not vested. Second, Plaintiff argues that there is precedent that the Legislature previously had retroactively altered a statute of repose.

When considering the retroactive application of statutes to events that occurred prior to the statute's effective date, the Supreme Court has recognized four basic principles:

(1) statutes are presumed to operate prospectively unless a contrary intent appears;
(2) a statute governing procedure or remedy will be applied to cases pending in court when the statute becomes effective;

Entered: Clerk, Circuit Court for    16
Montgomery County, MD
April 1, 2024

page

(3) a statute will be given retroactive effect if that is the legislative intent; but

(4) even if intended to apply retroactively, a statute will not be given that effect if it would impair vested rights, deny due process, or violate the prohibition against *ex post facto* laws.

*Allstate Ins. Co. v. Kim*, 376 Md. 276, 289 (2003) (quoting *WSSC v. Riverdale Heights Fire Co.*, 08 Md. 556, 563-64 (1987)). Those principles are considered through a two-part analysis. First, the legislative intent must be determined. Second, if the law was intended to be retroactive, the court must determine if the retroactive application would contravene some constitutional right or prohibition. *Allstate Ins. Co.* 376 Md. at 289-90.

In this case, the first step of the analysis is not disputed. There is no question that the CVA was intended to apply retroactively as the law states, "[§5-117(d)] shall be construed to apply both prospectively and retroactively". At issue here is the second step, whether giving effect to that intent impairs a vested right under the Maryland Constitution.[6] *Allstate Ins. Co.* 376 Md. at 293.

Plaintiff argues that that no "vested" rights were created by the 2017 act. Repeating his assertion that the law is a statute of limitations, Plaintiff sweepingly asserts that statutes of limitations do not create vested rights. Plaintiff also characterizes the law as an affirmative defense and cites to *Allstate v Kim* which recognized that "a person does not have an inherent vested right in the continuation of an existing law." *Kim*, 376 Md. at 298.

However, the Court is not persuaded that the critical distinction here is whether the right is called "vested" or "substantive." Maryland law has consistently found that a statute of repose creates a substantive right for the defendant to be free from suit. *Carven v. Hickman*, 135 Md. App. 645, 652 (2000) (finding a statute of repose, "is a substantive grant of immunity derived

---

[6] Unlike the federal standard for the United States Constitution, "[t]he state constitutional standard for determining the validity of retroactive civil legislation is whether vested rights are impaired and *not* whether the statute has a rational basis." *Dua*, 370 Md. at 623.

Entered: Clerk, Circuit Court for    17
Montgomery County, MD
April 1, 2024

from a legislative balance of economic considerations affecting the general public and the respective rights of potential plaintiffs and defendants."); *First United*, 882 F.2d at 866 ("Statutes of Repose are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity. . ."); *See Washington Suburban Sanitary Com'n. v. Riverdale Heights Volunteer Fire Co. Inc.*, 308 Md. 556, 560 (1987) (finding an act granting immunity from civil torts is a, "rule of substantive law.").

In *Dua v Comcast Cable of Maryland, Inc.*, 370 Md. 604 (2002), the Supreme Court thoroughly analyzed the constitutionality of retroactive statutes under the Maryland Constitution. There, the Court struck down as unconstitutional two statutes that retroactively validated late fees in consumer contracts, and authorized subrogation actions by health maintenance organizations. The Supreme Court held that the statutes that abrogated the plaintiffs' pending causes of action for money damages in court violated the Maryland Constitution. There, the Court observed that "[i]t has been firmly settled by this Court's opinions that the Constitution of Maryland prohibits legislation which retroactively abrogates vested rights." *Id.* at 623. Moreover, in direct contrast to Plaintiff's broad position regarding remedial statutes being readily applicable retroactively, the *Dua* Court emphasized that "even a remedial or procedural statute may not be applied retroactively if it will interfere with **vested or substantive rights.**" *Id* at 623, 625 (emphasis added); *see also Hill v. Fitzgerald*, 304 Md. 689, 702 (1985) ("[i]t is thoroughly understood that a statute of limitations, which does not destroy a substantial right, but simply affects remedy, does not destroy or impair vested rights."). Notably, the *Dua* Court did not make a distinction between the word "vested" or "substantive" rights and its analysis did not center on any such distinction. Under *Dua*, it is unconstitutional for a retroactive statute to interfere with a substantive right.

Entered: Clerk, Circuit Court for
Montgomery County, MD    18
April 1, 2024

Plaintiff and Attorney General factually distinguish *Dua* as a case involving accrued causes of action which rendered the rights to be vested, as opposed to the instant matter which involves a defense of an expired cause of action. The Attorney General gives great weight to the fact that the 2017 statute only prohibited the "filing" of claims after the time period, instead of employing words that would prohibit the "accrual" of claims after the time period. Br. Of Att'y General Pursuant to Cts. And Jud. Proc. §3-405(c) 8. The Attorney General argues that if the Legislature intended to provide a vested right to the defendants, the legislature would have used the word, "accrue" as it does in CPJ §5-108, as opposed to the word "file." *Id.*

However, the *Dua* Court's analysis and rationale cannot be so narrowly construed. That Court observed that "[t]he concept of vested property rights, in connection with retroactive civil legislation, has been developed in a multitude of this Court's opinions." *Id.* at 631. The Court notes with approval that the meaning of "property" under Maryland law is quite broad. *Id.* at 631 n. 10. With that background, the *Dua* Court goes on to observe that

> [t]his Court has consistently held that the Maryland Constitution ordinarily precludes the Legislature (1) from retroactively abolishing an accrued cause of action, thereby depriving the plaintiff of a vested right, and (2) from retroactively creating a cause of action, *or reviving a barred cause of action, thereby violating the vested right of the defendant.*

*Id.* at 633 (emphasis added). It is clear that *Dua* was not limited to accrued causes of action. That Court delineated and distinguished vested rights which may arise from "accrued cause[s] of action," "creation of a cause of action," or "reviv[al] of a barred cause of action."

Further, the Court is not persuaded by Plaintiff's argument that the Supreme Court's analysis in *Allstate Ins. Co. v. Kim* dictates that Defendants have no vested rights in a defense. In *Kim*, the defendant unsuccessfully argued that the Legislature's retroactive abrogation of parent-child immunity in torts cases unconstitutionally infringed upon their right to bring the immunity

Entered: Clerk, Circuit Court for
Montgomery County, MD    19
April 1, 2024

as a defense. In defining a vested right, that Court stated that:

> [a] vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title*, legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand to another*.

*Id* at 298 (quoting *Godfrey v. State*, 84 Wash. 2d. 959, 632 (1975) (emphasis in original)). While that Court recognized that a right to pursue a cause of action vests when the cause of action arises, "[t]he right to assert a defense, on the other hand, does not arise and therefore cannot vest until the action is filed." *Id.* at 297. Finding that immunities were not favored in the law, that Court concluded that the defendant did not have a vested right.

This Court does not find *Kim* to be analogous to the instant case. That case involved a statute seeking to abolish the common law parent-child immunity retroactively. In characterizing the immunity as an affirmative defense that does not vest until an action is filed, that Court concluded that the defendant did not have a right to the continuation of a law. In contrast, the instant matter cannot be characterized as a mere affirmative defense. The Legislature affirmatively granted Defendants absolute immunity from suit upon the expiration of a time certain, regardless of whether a claim was filed. The creation of this absolute bar and the expiration of that time period is the, "something more than a mere expectation" that is required by *Kim*. As such, once a defendant has survived the legislatively determined time period, the substantive right granted by the statute of repose vests, and the Legislature can no longer abrogate that vested right.

Maryland courts have consistently found that a statute of repose bars all liability after a certain point in time. *See Carven*, 135 Md. App. at 652 (a statute of repose creates, "an absolute time limit beyond which liability no longer exists and is not tolled for any reason"); *See Anderson*, 427 Md. at 118 ("The purpose of a statute of repose is to provide an absolute bar to an

Entered: Clerk, Circuit Court for   20
Montgomery County, MD
April 1, 2024

action or to provide a grant of immunity to a class of potential defendants after a designated time period.").

Other courts in the country that have addressed this issue have also concluded that that the Legislature may not abrogate those rights attendant to a statute of repose. *See Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645 (2014) ("[child sexual abuse] claims time barred under the old law … remained time-barred even after the repose period was abolished in the subsequent legislative action."); *Bryant v. U.S.*, 768 F.3d 1378, 1383 (2014) (statute of repose acts as a substantive limit on a plaintiff's right to file an action, "a condition precedent to the action itself," and that an attempt by the government to retroactively expand this limit divest the defendants of their vested right not to be sued); *Doe v. Popravak*, 421 P.3d 760 (Kan. App. 2017) ("the legislature cannot revive a legal claim barred by a statute of repose because doing so would constitute taking the potential defendant's property (the vested right) without due process."). *Doe H.B. v. M.J.*, 482 P3d 596 (Kan. App. 2021) ("When the timeframe in a statute of repose expires, the claim is absolutely abolished as a matter of law").

The Court also does not find Plaintiff's reliance on one prior instance where the Legislature amended a statute of repose to be persuasive. In 1979, the Legislature enacted CJP §5-108, which, as previously discussed, established a statue of repose for improvements to real property. Subsequently, the statute was amended to exclude injuries relating to asbestos exposure and the changes were to be applied retroactively to revive extinguished claims. A perceived revival of expired claims was challenged in *Duffy v. CBS Corporation*, 232 Md. App. 602 (2017). The Appellate Court found that there was a revival of an expired claim which was unconstitutional because the act deprived the defendants of a vested right. *Id*. at 623. However, the Supreme Court reversed, not because they found that the revival was unconstitutional, but

Entered: Clerk, Circuit Court for
Montgomery County, MD                 21
April 1, 2024

because the Court found that the plaintiff's injury occurred before the statute of repose was

enacted, and so the statute of repose was not implicated and did not bar the plaintiff's claims.

*Duffy v. CBS Corporation*, 458 Md. 206, 236 (2018). The Supreme Court simply did not reach

the issue of constitutionality because they found that the statute of repose did not apply to the

case at hand.  As such, this Court declines to speculate about the constitutional question left open

in that matter by the Supreme Court.

   Finally, Plaintiff argues that even if that the 2017 law created vested rights, compelling

public policy considerations permit the Legislature to retroactively abrogate the Defendant's

due-process rights. Plaintiff's argument lacks merit for two reasons.  Plaintiff seeks to apply the

rational basis test in determining if a law is constitutional under the U.S. Constitution. However,

as *Dua* made clear, "the state constitutional standard for determining the validity of retroactive

civil legislation is whether vested rights are impaired and *not* whether the statute has a rational

basis."  *Dua*, 370 Md. at 623.  The rational basis test is inapplicable to the due process analysis

under the Maryland Constitution. The only relevant test of the constitutionality under the

Maryland Constitution in this case is whether the CVA retroactively abrogates a vested right.

The Legislature's compelling public policies cannot overcome and impair vested rights.

   Plaintiff also mischaracterizes the *Anderson* Court's reference to a legislature's right to

balance economic interests when creating statutes of repose as one reflecting "the well-

understood concept that, even when fundamental rights are impinged, the legislature may adjust

the burdens and benefits of economic life where compelling interests exit." Pl. Opp. To Def's

Mots. To Dismiss, 9.  *Anderson* does not state nor imply in any manner that legislatures may

abrogate fundamental rights where compelling interests exist.  Indeed, the *Anderson* Court

pointedly noted that "[t]he impetus for the legislative enactment does not dictate alone" the

Entered: Clerk, Circuit Court for
Montgomery County, MD    22
April 1, 2024

Court's reading of whether the statute was one of limitations or repose. *Anderson,* 427 Md. at

125. The Court flatly rejected that defendant's argument that because the legislature enacted the

statute in response to an economic crisis, the statute must be one of repose. *Id.* Plaintiff cites to

no authority for his sweeping statement that fundamental rights can be abrogated other than

*Montgomery Cty v. Walsh*, 274 Md. 502 (512) (1975), a case discussing and applying the strict

scrutiny test where constitutional right to privacy is involved. *Walsh* has no relevance to the

issue at hand, and Plaintiff's argument lacks merit.

      For the reasons stated above, the Court finds that Defendants have a substantive and

vested right to immunity from Plaintiff's claim which arose more than twenty years after

Plaintiff reached majority. Retroactive legislation that deprives a person of a vested right

violates the Maryland Constitution. *Dua v. Comcast Cable of Maryland, Inc*., 370 Md. 604, 625

(2002).

### V.    EVEN IF CVA IS A STATUTE OF LIMITATIONS, REVIVAL OF EXPIRED CLAIMS VIOLATES MARYLAND CONSTITUTION.

      Even if the CJP §5-117(d) was not a statute of repose, but a statute of limitations, the

Court finds that the CVA is unconstitutional as it seeks to revive time barred claims. In the

present case, Plaintiff's claim expired in 1998 and was time barred by more than 25 years when

the CVA took effect.

      Maryland courts have held that the revival of claims that were time barred at the effective

date of new laws generally impair vested rights. In *Smith v Westinghouse*, 266 Md. 52 (1972)

the Supreme Court struck down as unconstitutional a statute that would revive a cause action

which would otherwise be barred by the limitations period. There, the Legislature enacted a law

effective July 1, 1971 that extended the statute of limitations for wrongful death from two years

to three years. The law, as enacted, applied prospectively and retrospectively to any cause of

Entered: Clerk, Circuit Court for    23
Montgomery County, MD
April 1, 2024

action arising prior to July 1, 1968.[7]  In *Smith*, the plaintiffs claim had already expired when the

new law took effect, although the three years under the new law had not lapsed.  Citing to *Tucker*

*v. State, Use of Johnson,* 89 Md. 471, 479  (1899) wherein the Court held that Article 67 of the

Code…created a new cause of action, the *Smith* Court found that the time for filing suit was a

condition precedent to filing and, as such, the new law unconstitutionally revived claims that had

expired pursuant to the Declaration of Rights of the State of Maryland.[8] *Id.* at 55.

     In *Dua, supra,* discussed above, the Supreme Court cites *Smith v. Westinghouse* with

approval, and reiterates that the Maryland Constitution prohibits *reviving a barred cause of*

*action, thereby violating the vested right of the defendant.*"  *Id.* at 633 (emphasis added).

     Similarly in *Rice v. University of Maryland Medical Systems Corp.*, 186 Md. App. 551

(2009), the Appellate Court considered the constitutionality of retroactive application of a saving

statute for the filing of a certificate of merit in a medical malpractice claim.  Although

recognizing that the filing requirement was a condition precedent to filing a medical malpractice

claim, the *Rice* court found that the appellants' claim had not expired within the meaning of

*Smith v. Westinghouse* before the saving statute took effect.  In reaching that conclusion, that

court

> "agree[d] with UMMS that, when a defendant has survived the period set forth in the
> statute of limitations without being sued, a legislative attempt to revive the expired claim
> would violate the defendant's right to due process….In contrast…the legislature may
> extend a statute of limitation that applies to a claim as to which the statute of limitations
> has not yet expired."

*Id.* at 563.

     Finally, in *Doe v. Roe*, 419 Md. 687 (2011), the Supreme Court had the opportunity to

---

[7] In *Rice v University*, 186 Md. App 551 (2009), the Court observed that the 1971 statute in *Smith* contained an "apparent drafting error," which the *Smith* Court refused to construe as such. *Rice*, 563 Md. App. at 565.

[8] The *Smith* Court also found the statute unconstitutional under the United States Constitution.

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

24

consider the constitutionality of an earlier version of the CVA from 2003. In that case, the

plaintiff alleged that she was sexually abused as a child by her grandfather. *Id*. at 690. On

September 29, 2001, that plaintiff reached the age of majority, at which time CJP. § 5-101

provided for a three-year statute of limitations. *Id*. On September 3, 2008, that plaintiff filed her

complaint. *Id*. The *Doe* statute, CJP. § 5-117, extended the statute of limitation for child sexual

abuse to seven years from the age of majority. That law explicitly did not apply retroactively, as

it stated that it should not be construed to revive any action that was barred by the application of

the period of limitation applicable before October 1, 2003." *Id*. The issue there was whether CJP

§ 5-117 was intended to apply to causes of action that had accrued but were not yet time barred

by the expiration of the old three year statute of limitations. In its analysis, the Court noted that

no retrospectivity analysis was necessary in that matter as the cause of action was not yet time

barred. *Id*. at 701 n.12. As such, that Court followed the principal that "a statute effecting a

change in procedure only…ordinarily applies to all actions whether accrued, pending or future,

unless a contrary intention is expressed." *Id*. at 708 (quoting *Rawlings v. Rawlings*, 362 Md.

535, 555 (2001)).[9] In concluding that CJP § 5-117 was a remedial and procedural statute, the

Court repeatedly noted that "[w]e would be faced with a different situation entirely had Roe's

claim been barred under the three-year limitations period as of October 1, 2003, the effective

---

[9] In its review of the legislative history, the Supreme Court observed that a prior version of the law in *Doe v. Roe* sought to have the law applied retroactively to any actions that would have been barred by the application of the period of limitation applicable before October 1, 2003. At First Reading, Senate Bill 68, the statute of limitations period was extended and included "any actions that would have been barred by the application of the period of limitations applicable before October 1, 2003." *Doe*, 419 Md. at 696 (citing S.B. 68, 417th Sess. (2003) (First Reading). Subsequently, then Senator Brian E. Frosh requested an opinion form the Attorney General of Maryland regarding the constitutionality of retroactive application of the law to cases that were barred prior to the effective date. *Id*. at 697. In response, the Attorney General's Office noted a national split in authority on the constitutionality of revival of claims that were time-barred, and advised that no Maryland mandated its unconstitutionality, but that it was possible in light of *Dua v Comcast*. *Id*. at 698. Notably, subsequent to that advisory opinion from the Attorney General's Office, the final version that became law did not include that retroactive provision.

Entered: Clerk, Circuit Court for    25
Montgomery County, MD
April 1, 2024

date of § 5-117." *Id.* at 707. That Court then held that "the extended limitations period does not "interfere with vested or substantive rights," as it is well established that "[a]n individual does not have a vested right to be free from suit or sanction for a legal violation *until the statute of limitation for that violation has expired.*" *Id.* at 707 n.18 (quoting *Crum v. Vincent*, 493 F.3d 988, 997 (8th Cir. 2007)) (emphasis added).

The Supreme Court in *Doe v. Roe* observed that "[s]tatutes of limitations are neither substantive nor procedural per se but have 'mixed substantive and procedural aspects.'" *Doe*, 419 Md. at 705 (quoting *Sun Oil Co. v. Wortman*, 486 U.S. 717, 736 (1988)). These statutes vest to potential defendants when a defendant survives the time period that the law prescribes. Therefore, the Court finds that reviving a claim that had already expired by the then applicable statute of limitations would interfere with the defendant's substantive rights.

## VI.    FRAUDULENT CONCEALMENT AND CONTINUING HARD DOCTRINE NOT APPLICABLE.

Plaintiff argues, without reference to any authority, that his claims have been tolled under a theory of fraudulent concealment. This theory, however, is contradicted by the plain language of the statute. The 2017 act states that, "[i]**n no event** may an action for damages. . ." be filed. Act of May 25, 2017, 2017 Md. Laws at 3898 (emphasis added). The phrase, "[i]n no event" clearly demonstrates that the Legislature did not intend for the statute of repose to be tolled for any reason, except for the specific minority exception outlined in the statute. *See contra* (N.D.'s medical malpractice statute of repose specifically tolls for "fraudulent conduct by a physician." Further, in *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862 (1989), a case cited with approval by the *Anderson* court, the 4th Circuit found that fraudulent concealment does not apply to a statute of repose. *Id.* at 865 (finding that permitting tolling due to fraudulent concealment would disturb and defeat the 20- year repose period that the Maryland

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

26

legislators had chosen).

Plaintiff also claims, without reference to any authority, that the CVA time limitations have no applicability to the present matter because of the continuing events theory. The continuing events theory tolls a statute of limitations during the existence of a fiduciary relationship between the parties. *MacBride v. Pishvaian*, 402 Md. 572 (2007). *See e.g. Vincent v. Palme*r, 179 Md. 365 (1941) (ongoing employment relationship); *Waldman v. Rohrbaugh*, 241 Md. 137 (1966) (ongoing medical treatment). There is no fiduciary relationship in the present case between Plaintiff and Defendants.

The continuing violation or harm theory tolls the statute of limitations in cases where there are continuous violations, not merely the continuing effects of prior tortious acts. *See MacBride* at 584. The amended complaint in this case alleges negligence, negligent hiring of employees, negligent supervision and retention of employees, premises liability, fraudulent concealment, and civil conspiracy by Defendants, all prior tortious conduct that was the proximate cause of Plaintiff suffering sexual abuse as a child. The Plaintiff fails to state what continuous violations are causing cognizable injury to this Plaintiff. The Court finds no merit to Plaintiff's arguments regarding fraudulent concealment and continuing violation.

**VII.    CONCLUSION**

For the reasons stated above, the Court finds that CVA violates Article 24 of the Maryland Declaration of Rights and the Maryland Constitution, Article III, Section 40 and is unconstitutional.

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

27

legislators had chosen).

Plaintiff also claims, without reference to any authority, that the CVA time limitations have no applicability to the present matter because of the continuing events theory. The continuing events theory tolls a statute of limitations during the existence of a fiduciary relationship between the parties. *MacBride v. Pishvaian*, 402 Md. 572 (2007). *See e.g. Vincent v. Palmer*, 179 Md. 365 (1941) (ongoing employment relationship); *Waldman v. Rohrbaugh*, 241 Md. 137 (1966) (ongoing medical treatment). There is no fiduciary relationship in the present case between Plaintiff and Defendants.

The continuing violation or harm theory tolls the statute of limitations in cases where there are continuous violations, not merely the continuing effects of prior tortious acts. *See MacBride* at 584. The amended complaint in this case alleges negligence, negligent hiring of employees, negligent supervision and retention of employees, premises liability, fraudulent concealment, and civil conspiracy by Defendants, all prior tortious conduct that was the proximate cause of Plaintiff suffering sexual abuse as a child. The Plaintiff fails to state what continuous violations are causing cognizable injury to this Plaintiff. The Court finds no merit to Plaintiff's arguments regarding fraudulent concealment and continuing violation.

## VII. CONCLUSION

For the reasons stated above, the Court finds that CVA violates Article 24 of the Maryland Declaration of Rights and the Maryland Constitution, Article III, Section 40 and is unconstitutional. Defendants' Motion to Dismiss is GRANTED.

April 1, 2024

Jeannie E. Cho, Judge

Circuit Court for Montgomery County, MD

**Entered: Clerk, Circuit Court for Montgomery County, MD April 1, 2024**

27

E-SERVED Montgomery Circuit Court 4/1/2024 9:34 AM System SystemEnvelope:15941590
E-FILED; Montgomery Circuit Court
Docket: 4/1/2024 9:34 AM; Submission: 4/1/2024 9:34 AM
Envelope: 15941590

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MD

| | | |
|---|---|---|
| DAVID S. SCHAPPELLE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. C-15-CV-23-003696 |
| ROMAN CATHOLIC ARCHBISHOP OF WASHINGTON, A CORP. SOLE, et. al. | * * | |
| Defendants, | * | |

## ORDER

The Court has read and considered the Motion of Defendants Roman Catholic Archbishop of Washington and St. Rose of Lima Catholic Church, Gaithersburg, Inc. to Dismiss for Failure to State a Claim (filed November 13, 2023), Motion of Defendants, Saint Luke Institute, Inc., and Saint Luke Institute Foundation, Inc., to Dismiss for Failure to State Claim (filed December 6, 2023), and oppositions and replies thereto, and arguments of counsel. Upon consideration of the same and for reasons stated in the Court's Memorandum Opinion, it is this ___/___ day of April, 2024, by the Circuit Court for Montgomery County, Maryland

**ORDERED**, that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that all other request for relief is DENIED; and it is further

**ORDERED**, that all further scheduled dates shall be removed.

JEANNIE E. CHO, JUDGE
Circuit Court for
Montgomery County, Maryland

Entered: Clerk, Circuit Court for
Montgomery County, MD
April 1, 2024

App.29

# HOUSE BILL 642

D3                                                                7lr2570
                                                                 CF SB 505

By: **Delegates C. Wilson, Angel, Atterbeary, Bromwell, Folden, C. Howard, and Moon**
Introduced and read first time: February 1, 2017
Assigned to: Judiciary

A BILL ENTITLED

1    AN ACT concerning

2    **Civil Actions – Child Sexual Abuse – Statute of Limitations and Required**
3    **Findings**

4    FOR the purpose of altering the statute of limitations in certain civil actions relating to
5        child sexual abuse; providing that, in a certain action, damages may be awarded
6        against a person or governmental entity that is not an alleged perpetrator only under
7        certain circumstances; providing that a certain action is exempt from certain
8        provisions of the Local Government Torts Claims Act; providing that a certain action
9        is exempt from certain provisions of the Maryland Torts Claims Act; providing for
10       the application of this Act; and generally relating to child sexual abuse.

11   BY repealing and reenacting, with amendments,
12       Article – Courts and Judicial Proceedings
13       Section 5–117 and 5–304(a)
14       Annotated Code of Maryland
15       (2013 Replacement Volume and 2016 Supplement)

16   BY repealing and reenacting, without amendments,
17       Article – Courts and Judicial Proceedings
18       Section 5–304(b)
19       Annotated Code of Maryland
20       (2013 Replacement Volume and 2016 Supplement)

21   BY repealing and reenacting, with amendments,
22       Article – State Government
23       Section 12–106(a)
24       Annotated Code of Maryland
25       (2014 Replacement Volume and 2016 Supplement)

26   BY repealing and reenacting, without amendments,

1    Article – State Government
2    Section 12–106(b)
3    Annotated Code of Maryland
4    (2014 Replacement Volume and 2016 Supplement)

5        SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND,
6    That the Laws of Maryland read as follows:

7                          **Article – Courts and Judicial Proceedings**

8    5–117.

9        (a)    In this section, "sexual abuse" has the meaning stated in § 5–701 of the Family
10   Law Article.

11       (b)    An action for damages arising out of an alleged incident or incidents of sexual
12   abuse that occurred while the victim was a minor shall be filed **[**within**]** AGAINST THE
13   ALLEGED PERPETRATOR OF THE SEXUAL ABUSE:

14           **(1)**    AT ANY TIME BEFORE THE VICTIM REACHES THE AGE OF
15   MAJORITY; OR

16           **(2)**    WITHIN THE LATER OF:

17               **(I)**    **[**7**]** 20 years **[**of**]** AFTER the date that the victim **[**attains**]**
18   REACHES the age of majority; OR

19               **(II)**    3 YEARS AFTER THE DATE THAT THE DEFENDANT IS
20   CONVICTED OF A CRIME RELATING TO THE ALLEGED INCIDENT OR INCIDENTS
21   UNDER:

22                    1.    § 3–602 OF THE CRIMINAL LAW ARTICLE; OR

23                    2.    THE LAWS OF ANOTHER STATE OR THE UNITED
24   STATES THAT WOULD BE A CRIME UNDER § 3–602 OF THE CRIMINAL LAW ARTICLE.

25       (C)    (1)    AN ACTION FOR DAMAGES ARISING OUT OF AN ALLEGED
26   INCIDENT OR INCIDENTS OF SEXUAL ABUSE THAT OCCURRED WHILE THE VICTIM
27   WAS A MINOR SHALL BE FILED AGAINST A PERSON OR GOVERNMENTAL ENTITY THAT
28   IS NOT AN ALLEGED PERPETRATOR OF THE SEXUAL ABUSE:

29               **(I)**    AT ANY TIME BEFORE THE VICTIM REACHES THE AGE OF
30   MAJORITY; OR

1        **(II)**   **WITHIN 20 YEARS AFTER THE DATE THAT THE VICTIM**
2  **REACHES THE AGE OF MAJORITY.**

3       **(2)**   **IN AN ACTION BROUGHT UNDER THIS SUBSECTION, DAMAGES MAY**
4  **BE AWARDED AGAINST A PERSON OR GOVERNMENTAL ENTITY ONLY ON A**
5  **DETERMINATION BY THE FINDER OF FACT THAT THE PERSON OR GOVERNMENTAL**
6  **ENTITY:**

7        **(I)**   **PRIOR TO THE INCIDENT OR INCIDENTS OF SEXUAL ABUSE**
8  **THAT FORM THE BASIS OF THE ACTION, HAD ACTUAL KNOWLEDGE OF A PREVIOUS**
9  **INCIDENT OR INCIDENTS OF SEXUAL ABUSE; AND**

10       **(II)**   **NEGLIGENTLY FAILED TO PREVENT THE INCIDENT OR**
11  **INCIDENTS OF SEXUAL ABUSE THAT FORM THE BASIS OF THE ACTION.**

12  5–304.

13  (a)   This section does not apply to an action **[**against**]:**

14     **(1)**   **AGAINST** a nonprofit corporation described in § 5–301(d)(23), (24), (25),
15  (26), (28), or (29) of this subtitle or its employees**; OR**

16     **(2)**   **BROUGHT UNDER § 5–117 OF THIS TITLE.**

17  (b)   (1)   Except as provided in subsections (a) and (d) of this section, an action
18  for unliquidated damages may not be brought against a local government or its employees
19  unless the notice of the claim required by this section is given within 1 year after the injury.

20     (2)   The notice shall be in writing and shall state the time, place, and cause
21  of the injury.

22                  **Article – State Government**

23  12–106.

24  (a)   This section does not apply to a claim that is**:**

25     **(1)**   asserted by cross–claim, counterclaim, or third–party claim**; OR**

26     **(2)**   **BROUGHT UNDER § 5–117 OF THE COURTS ARTICLE.**

27  (b)   Except as provided in subsection (c) of this section, a claimant may not
28  institute an action under this subtitle unless:

1                (1)     the claimant submits a written claim to the Treasurer or a designee of
2  the Treasurer within 1 year after the injury to person or property that is the basis of the
3  claim;

4                (2)     the Treasurer or designee denies the claim finally; and

5                (3)     the action is filed within 3 years after the cause of action arises.

6      SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall be construed to
7  apply only prospectively and may not be applied or interpreted to have any effect on or
8  application to any cause of action arising before the effective date of this Act.

9      SECTION 3. AND BE IT FURTHER ENACTED, That this Act shall take effect
10  October 1, 2017.

App.33

# SENATE BILL 505

D3                                                                              7lr2557
                                                                               CF HB 642

By: **Senators Kelley, Benson, Brochin, Conway, Currie, Feldman, Ferguson, Guzzone, Kagan, Kasemeyer, Lee, Madaleno, Manno, McFadden, Middleton, Miller, Muse, Nathan–Pulliam, Peters, Robinson, Smith, and Zucker**
Introduced and read first time: February 1, 2017
Assigned to: Judicial Proceedings

---

### A BILL ENTITLED

1  AN ACT concerning

2  **Civil Actions – Child Sexual Abuse – Statute of Limitations and Required**
3                                          **Findings**

4  FOR the purpose of altering the statute of limitations in certain civil actions relating to
5      child sexual abuse; providing that, in a certain action, damages may be awarded
6      against a person or governmental entity that is not an alleged perpetrator only under
7      certain circumstances; providing that a certain action is exempt from certain
8      provisions of the Local Government Torts Claims Act; providing that a certain action
9      is exempt from certain provisions of the Maryland Torts Claims Act; providing for
10     the application of this Act; and generally relating to child sexual abuse.

11  BY repealing and reenacting, with amendments,
12      Article – Courts and Judicial Proceedings
13      Section 5–117 and 5–304(a)
14      Annotated Code of Maryland
15      (2013 Replacement Volume and 2016 Supplement)

16  BY repealing and reenacting, without amendments,
17      Article – Courts and Judicial Proceedings
18      Section 5–304(b)
19      Annotated Code of Maryland
20      (2013 Replacement Volume and 2016 Supplement)

21  BY repealing and reenacting, with amendments,
22      Article – State Government
23      Section 12–106(a)
24      Annotated Code of Maryland
25      (2014 Replacement Volume and 2016 Supplement)

1  BY repealing and reenacting, without amendments,
2      Article – State Government
3      Section 12–106(b)
4      Annotated Code of Maryland
5      (2014 Replacement Volume and 2016 Supplement)

6      SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND,
7  That the Laws of Maryland read as follows:

8                    **Article – Courts and Judicial Proceedings**

9  5–117.

10     (a)    In this section, "sexual abuse" has the meaning stated in § 5–701 of the Family
11 Law Article.

12     (b)    An action for damages arising out of an alleged incident or incidents of sexual
13 abuse that occurred while the victim was a minor shall be filed [within] AGAINST THE
14 ALLEGED PERPETRATOR OF THE SEXUAL ABUSE:

15          **(1)    AT ANY TIME BEFORE THE VICTIM REACHES THE AGE OF**
16 **MAJORITY; OR**

17          **(2)    WITHIN THE LATER OF:**

18               **(I)    [7] 20** years [of] **AFTER** the date that the victim [attains]
19 **REACHES** the age of majority**; OR**

20               **(II)    3 YEARS AFTER THE DATE THAT THE DEFENDANT IS**
21 **CONVICTED OF A CRIME RELATING TO THE ALLEGED INCIDENT OR INCIDENTS**
22 **UNDER:**

23                    **1.    § 3–602 OF THE CRIMINAL LAW ARTICLE; OR**

24                    **2.    THE LAWS OF ANOTHER STATE OR THE UNITED**
25 **STATES THAT WOULD BE A CRIME UNDER § 3–602 OF THE CRIMINAL LAW ARTICLE.**

26     **(C)    (1)    AN ACTION FOR DAMAGES ARISING OUT OF AN ALLEGED**
27 **INCIDENT OR INCIDENTS OF SEXUAL ABUSE THAT OCCURRED WHILE THE VICTIM**
28 **WAS A MINOR SHALL BE FILED AGAINST A PERSON OR GOVERNMENTAL ENTITY THAT**
29 **IS NOT AN ALLEGED PERPETRATOR OF THE SEXUAL ABUSE:**

30               **(I)    AT ANY TIME BEFORE THE VICTIM REACHES THE AGE OF**
31 **MAJORITY; OR**

App.35

1        (II)    WITHIN 20 YEARS AFTER THE DATE THAT THE VICTIM
2  REACHES THE AGE OF MAJORITY.

3        (2)    IN AN ACTION BROUGHT UNDER THIS SUBSECTION, DAMAGES MAY
4  BE AWARDED AGAINST A PERSON OR GOVERNMENTAL ENTITY ONLY ON A
5  DETERMINATION BY THE FINDER OF FACT THAT THE PERSON OR GOVERNMENTAL
6  ENTITY:

7        (I)    PRIOR TO THE INCIDENT OR INCIDENTS OF SEXUAL ABUSE
8  THAT FORM THE BASIS OF THE ACTION, HAD ACTUAL KNOWLEDGE OF A PREVIOUS
9  INCIDENT OR INCIDENTS OF SEXUAL ABUSE; AND

10        (II)    NEGLIGENTLY FAILED TO PREVENT THE INCIDENT OR
11  INCIDENTS OF SEXUAL ABUSE THAT FORM THE BASIS OF THE ACTION.

12  5–304.

13  (a)    This section does not apply to an action [against]:

14        (1)    AGAINST a nonprofit corporation described in § 5–301(d)(23), (24), (25),
15  (26), (28), or (29) of this subtitle or its employees; OR

16        (2)    BROUGHT UNDER § 5–117 OF THIS TITLE.

17  (b)    (1)    Except as provided in subsections (a) and (d) of this section, an action
18  for unliquidated damages may not be brought against a local government or its employees
19  unless the notice of the claim required by this section is given within 1 year after the injury.

20        (2)    The notice shall be in writing and shall state the time, place, and cause
21  of the injury.

## Article – State Government

23  12–106.

24  (a)    This section does not apply to a claim that is:

25        (1)    asserted by cross–claim, counterclaim, or third–party claim; OR

26        (2)    BROUGHT UNDER § 5–117 OF THE COURTS ARTICLE.

27  (b)    Except as provided in subsection (c) of this section, a claimant may not
28  institute an action under this subtitle unless:

App.36

**TABLE OF INTERNET ADDRESSES IN PETITIONER'S BRIEF**

| Br. Cite | TinyURL | Full URL |
|---|---|---|
| 12 n.4 | https://tinyurl.com/ydpyfyyy | https://mgaleg.maryland.gov/mgawebsite/Legislation/Details/hb0641?ys=2017RS&search=True |
| 12 n.4 | https://tinyurl.com/62vdmd82 | https://mgaleg.maryland.gov/mgawebsite/Legislation/Details/sb0585/?ys=2017rs |
| 12 n.5 | https://tinyurl.com/mr3myapy | https://mgahouse.maryland.gov/mga/play/b7cad40e27314b558edd37984c2aa82d1d?catalog/03e481c7-8a42-4438-a7da-93ff74bdaa4c&playfrom=1425000 |
| 14 n.6 | https://tinyurl.com/mr3hah7v | https://mgaleg.maryland.gov/mgawebsite/FloorActions/Media/house-47-?year=2017RS |
| 37 n.19 | | |
| 14 n.7 | https://tinyurl.com/3h44rra8 | https://mgaleg.maryland.gov/mgawebsite/FloorActions/Media/senate-50-?year=2017RS |
| 37 n.18 | | |
| 15 n.8 | https://tinyurl.com/4rn2mh32 | https://mgahouse.maryland.gov/mga/play/c138ea702fa24d80a1d80bb8cc8a68d71d?catalog/03e481c7-8a42-4438-a7da-93ff74bdaa4c |

| 16 n.9 | https://tinyurl.com/pcst853x | https://mgaleg.maryland.gov/mgawebsite/Committees/Media/false?cmte=jpr&ys=2021RS&clip=JPR_2_2_2021_meeting_1&url=https%3A%2F%2Fmgahouse.maryland.gov%2Fmga%2Fplay%2F25b8e112-d13e-449f-9f57-8a1e60cb2cbd%3Fcatalog%2F03e481c7-8a42-4438-a7da-93ff74bdaa4c%26playfrom%3D6693434 |
| 17 n.10 | | |
| 21 n.12 | https://tinyurl.com/53zvy5nk | https://mgaleg.maryland.gov/mgawebsite/Committees/Media/false?cmte=jud&ys=2023RS&clip=JUD_3_2_2023_meeting_1&url=https%3A%2F%2Fmgahouse.maryland.gov%2Fmga%2Fplay%2F42a434a3da914810a770e050ce6381fb1d%3Fcatalog%2F03e481c7-8a42-4438-a7da-93ff74bdaa4c%26playfrom%3D4274722 |
| 21 n.13 | | |
| 42 n.20 | http://tinyurl.com/ycyyvw4n | https://mgahouse.maryland.gov/mga/play/52829e0f36c74560a6a13bc8e322987a1d?catalog/03e481c7-8a42-4438-a7da-93ff74bdaa4c |